THE REFORMED PROTESTANT DUTCH CHURCH OF WESTFIELD, Staten Island, *vs.* SUSAN D. BROWN, executrix, &c.

54   191
122a   45
54b  191
63ad348

In order to avoid multiplicity of actions, the law forbids that a cause of action shall be split up for the purpose of bringing several actions. But when several claims, payable at different times, arise out of the same contract or transaction, separate actions can be brought as each liability enures.

Yet, if no action is brought until more than one is due, all that are due must be included in one action; and if an action is brought when more than one is due, a recovery in that suit will be an effectual bar to a second action, brought to recover the other claims that were due when the first was brought.

The case of *Beach* v. *Crain*, (2 *N. Y. Rep.* 86,) distinguished from the present.

APPEAL by the plaintiff, from a judgment entered upon the report of a referee, dismissing the complaint.

This was an action commenced against the defendant, Susan D. Brown, executrix, widow, sole legatee and next of kin of David Brown, deceased, to recover three several yearly subscriptions of one hundred dollars each, due and unpaid, upon a certain instrument or agreement in writing, executed by said David Brown in his lifetime.

The action was referred to John T. Hoffman, Esq., as sole referee, who found the following facts: 1st. That the plaintiff, at the time of the commencement of this action, and for several years prior thereto, was and had been a religious incorporation, duly incorporated according to the laws of the State of New York.

2d. That David Brown, in his lifetime, with several other residents of Westfield, Staten Island, made and executed a certain instrument or agreement in writing, in the words and figures following, viz:

"We, the inhabitants of the township of Westfield, in and near the village of Bloomingview, Staten Island, feeling a desire for the regular preaching of the gospel, and the stated ordinances of the sanctuary, to be established in a more convenient neighborhood to us and to our families than any we can now enjoy, do agree hereby to unite

our endeavors for the purpose of forming and establishing a Christian church in our midst, and that we will pay, yearly, the sums annexed to our respective names, for the purpose of supporting a minister of the gospel, for the object aforesaid.

Westfield, Staten Island, February 26th, 1849."

3d. The sum annexed, or set opposite, to the name of the said David Brown, upon the said paper, was $100.

4th. The said David Brown, and others who were subscribers to said paper, proceeded to organize and establish a church, to wit, the plaintiffs herein, " The Reformed Protestant Dutch Church of Westfield, Staten Island," and a minister was employed to preach, and did preach, for said plaintiffs, from about the time of the date of the agreement aforesaid, down to and including the time of the commencement of this action.

5th. Under the provision of said agreement, $100 became due and payable from said David Brown on the 26th day of February, 1850, and $100 on the 26th day of February in each succeeding year.

6th. The said David Brown died on the 3d day of July, 1853, leaving a last will and testament, in and by which he appointed the said Susan D. Brown, defendant herein, who was his wife, the executrix of said will, and his sole legatee. She accepted said appointment as executrix, and as such rendered her final accounts to the surrogate of the county of New York, being the county in which said will was proved, and said accounts were allowed and passed; and, under the order of the surrogate, the balance remaining in her hands was retained by her, as sole legatee under said will. And the moneys which came into her hands as such executor and legatee were more than sufficient to pay all debts due and owing by the said deceased.

7th. On the 15th day of May, 1854, the plaintiff herein commenced a suit against the said defendant, claiming to recover of her, as executrix of said deceased, one year's

subscription for minister's salary, under the agreement hereinbefore mentioned, and also certain other moneys claimed on a subscription for building a church. At that time the subscription for the three subsequent years for salary of said minister (being the same for which this action. is brought) were due and payable, but no claim was made therefor in said first mentioned suit. Judgment was rendered in said first mentioned action, upon the merits thereof, in favor of said plaintiff, against the defendant, for the amount claimed, with interest, on the 16th day of November, 1857, and on the day following said judgment this action was commenced. The judgment so rendered was afterwards affirmed on appeal, and, having been affirmed, was paid by the defendant as executrix as aforesaid.

8th. The three years' subscription, for which this suit is brought, have not, nor has any part thereof, in fact, ever been paid.

The referee's conclusions of law, upon the facts aforesaid, were: 1st. That David Brown, by his subscription aforesaid, became legally bound to pay to the plaintiff, for the support of a minister, $100 a year, not only for the first year succeeding the date of said subscription, but for the three years succeeding said first year, being the same period mentioned in the complaint herein.

2d. But, notwithstanding such obligation, the plaintiffs having, before the commencement of this action, sued the defendant for the first year's subscription only, at a time when the succeeding three years' subscriptions were due and payable, under the same contract, and recovered judgment in said suit, as before mentioned, was in law thereby barred and precluded from maintaining this action.

3d. That the defendant was entitled to judgment dismissing the plaintiff's complaint, with costs.

The following reasons were given by the referee, for his decision: "Without stating the facts in this case, or re-

viewing the authorities, I will simply say that in my opinion the defendant must have judgment.

When the plaintiffs commenced their former suit against the defendant, in May, 1854, for moneys due under the contract, set forth in the complaint in this action, the amounts claimed in this second suit were also due and unpaid, under the same contract. The first suit was for the first *year's subscription* to the pastor's salary, and for the subscription towards the church building. At that time the second, third and fourth years' subscription for salary, under the same contract, was also due, but the plaintiffs failed to include them in that suit, and have brought this suit to recover the same.

In my opinion the judgment in the first suit is a bar to the second, upon the principle that when a party hath several demands or existing causes of action, growing out of the same contract, which may be joined or sued for in the same action, they *must be* joined; and if the demands or causes of action be split up, and a suit brought for a part only, and a subsequent second suit for the residue, the first action may be pleaded in abatement or in bar to the second action. (*See Bendernagle* v. *Cocks,* 19 *Wend.* 207; *Secor* v. *Sturgis,* 16 *N. Y. Rep.* 548.) The case of *Badger* v. *Titcomb,* (15 *Pick.* 409,) so strongly relied on by the plaintiff's counsel, is not an authority in this case. It will be found discussed in the opinion of Judge Cowen, in *Bendernagle* v. *Cocks,* (19 *Wend.* 207.")

*W. M. Evarts* and *John Fitch,* for the appellant. I. The agreement upon which this action was brought is an agreement to pay a certain sum yearly, and a distinct cause of action arose each year, upon failure to pay, and is a divisible contract. (*Cooke* v. *Whorwood,* 2 *Saund.* 337. *Beach* v. *Crain,* 2 *Comst.* 96.) The plaintiffs, a religious corporation, sue the defendant on a verbal contract; not under seal, but by virtue of its being between a religious cor-

poration and a party thereto. It by law becomes a new contract every year, so long as the gospel should be preached in that church. (*First Religious Soc'y of Whitestown* v. *Stone*, 7 *John.* 112. *Dieffendorf* v. *Reformed Church, &c.*, 20 *id.* 12.) This action could not be sustained as between man and man. It being a verbal contract it would only bind the party one year, as it is to be performed in each year. The religious corporation being a party saves it. The plaintiff was duly incorporated. (*See Reformed Prot. Dutch Church* v. *Brown*, 17 *How. Pr.* 287, *affirmed by Court of Appeals*.) The action is upon a divisible contract, and can be sued on, on breach of any one of the stipulations; (it is the same as the annual giving of a note for the $100,) and each of the stipulations being considered as a separate contract. (1 *H. Bl.* 550. *Badger* v. *Titcomb*, 15 *Pick.* 414. 2 *Cush.* 286. *McIntosh* v. *Lown*, 49 *Barb.* 557.) The paper upon which the plaintiffs sue is a debt, due annually, of $100, the same as a note given yearly. It is assignable—transferable by assignment and sale—good in the hands of any *bona fide* holder, and can be sued on the same as on three several notes. The paper is the same as a paper made at the expiration of each year. It is a note; only that, and nothing more. The three annual debts in suit have never been passed upon. They were not included in the former action, and are not *res adjudicata.* If they had been included in the former complaint and passed upon, then they would have been *res adjudicata;* not without. It is not a case of splitting a single cause of action. (*Doty* v. *Brown*, 4 *Comst.* 71.) None of the cases adjudicated are like this. The case in the 16*th N. Y. Rep.*, on which the defendant relies, is the nearest this of any, and in that case the plaintiff recovered. In that case it was a money demand on which there were ten suits pending at the same time. That was an indivisible contract, entirely different from this. The principle which the defendant applies to have control

over this case, is not applicable to the facts as here presented. They apply to a bill of goods and such like sales of property as the 8*th Wend.* 492; only to indivisible contracts similar to the case of *Secor* v. *Sturgis,* (16 *N. Y. Rep.* 554.) This claim is not an entire and indivisible demand. It is a debt or demand depending upon certain acts and contingencies to be done and performed by others. It is not a sum certain at the time of making the agreement upon which the action is brought. It is only entire claims, which cannot be divided, which come within the rule of 8 *Wend.*; 15 *id.* 55, and 16 *N. Y. Rep.,* and as explained in *Risley* v. *Squire & Johnson,* (53 *Barb.* 280.) In *Bendernagle* v. *Cocks,* (19 *Wend.* 207,) the court (Cowen, J.) says: "I admit the rule does *not extend to several and distinct* contracts." That is the case; this paper is to a religious corporation, and runs for the year; it is not under seal. Each year it by law becomes a new contract, and as between man and man it would be worthless. It is only good because it is a subscription to a religious corporation. The preaching of the gospel for the year was the consideration for the year. If the minister had ceased to render services, the annual $100 would not be due. (7 *John.* 112. 20 *id.* 12, *supra.*) Interest accrues on each year's services. This is a divisible claim; each year divided by itself and drawing interest after it, and is such a case as is spoken of and provided for in *Secor* v. *Sturgis,* (16 *N. Y. Rep.* 554.) The act of procuring a preacher of the gospel created a debt each year, no matter in *what shape,* note of hand or how, and would have to be so stated in any complaint. (1 *H. Bl.* 550, *and the case cited.*) If the officers of the church had not employed a preacher, the contract would have become void. The rule of law is well settled, that an indivisible contract or demand cannot be split up and sued for in parts. Thus on a note of $500 there cannot be five separate suits of $100 each, (16 *John.* 121, *and all the cases cited by defendant;* 1 *Wend.*

Reformed Prot. Dutch Church of Westfield *v.* Brown.

&c. ;) so three barrels of potatoes sold at one time do not constitute three separate causes of action. Where a contract, though entire in its form, relates to several distinct and independent acts to be done at different times, (in this case to pay $100 as the definite, annual time came round,) it is divisible in its nature, and an action of assumpsit will lie on each default. (1 *Story on Cont. p.* 9, § 25. *Badger* v. *Titcomb,* 15 *Pick.* 414. *Knight* v. *New England Worsted Co.,* 2 *Cush.* 286. *Stone* v. *Rogers,* 2 *Mees. & Wels.* 443. *Rudder* v. *Price,* 1 *H. Bl.* 550.) In *Rudder* v. *Price,* (*supra,*) the court says: "So the principle is well established that a contract to do different things at different times is divisible in its nature, and that an action will lie for breach of any one of the stipulations, each of the stipulations being considered as a separate contract." The payment of $100 each year is a distinct and separate act, not depending on the act of any other year. It stands by itself, no preach no pay, and brings the case within the rule in 1 *H. Bl.* 550 ; 15 *Pick.* 409. In the case of *Risley* v. *Squire & Johnson,* (53 *Barb.* 280,) a case similar to this, the court held that a second suit, as between the same parties, for a part of a quantity of articles which might have been included in the first suit, was not a splitting up a demand or cause of action, &c., affirming the doctrine as laid down in 1 *H. Bl.* 550, that it is not a case of two suits on the same cause of action ; and is decisive as to this case, settling the principle contended for ; and *McIntosh* v. *Lown* (49 *Barb.* 557) is precisely in point. "There is no case or *dictum* which requires the party to join in one suit several and distinct causes of action." (*Phillips* v. *Berick,* 16 *John.* 140.) The case of *Colvin* v. *Corwin* (15 *Wend.* 557) is overruled by *Secor* v. *Sturgis,* (16 *N. Y. Rep.* 557.) The case of *Bendernagle* v. *Cocks* (19 *Wend.* 207) is supported mainly by *Colvin* v. *Corwin.* The *dicta* of Judge Strong, in *Secor* v. *Sturgis,* that the former judg-

ment is a bar in a case like the present, was not necessary to the decision of that case.

II. An agreement, like this, to pay distinct sums of money at different times, is to be distinguished from a case of successive breaches of covenants in a lease under seal. This is equivalent to several distinct promises, one for each yearly amount. The promises are distinct and divisible. (*Badger* v. *Titcomb*, 15 *Pick.* 413; *approved in McIntosh* v. *Lown*, 49 *Barb.* 557.)

III. In this case the action was commenced November 17, 1857. Judgment in the former action was entered June 2, 1859. The two actions were pending at the same time. The defendant might have moved to consolidate. It is inequitable that the defendant, having failed to avail himself of this means of relief, should now be allowed, upon a mere technical ground, to defeat an admitted claim. By not moving to consolidate, he may be deemed to have consented that the cause of action be severed. This rule is for the benefit of the debtor, and he may waive it. (*Mills* v. *Garrison*, 3 *Keyes*, 40.)

IV. The answer in this case does not set up an identity of the cause of action with that in the former action, but a different cause of action.

*Alexander & Green*, for the respondents. The only questions involved in this appeal, are whether the plaintiffs should have included the claim for which the present suit is brought, in the former suit, and whether, having failed to do so, they are barred from maintaining their action.

I. The contract, so far as concerns the installments due when the first suit was commenced, was indivisible. They were demands already due by the same contract, and made one entire cause of action. (*Secor* v. *Sturgis*, 16 *N. Y. Rep.* 558.)

II. The several demands sued upon grew out of the same contract, and had accrued at the time of bringing

the first suit; they could have been sued for in that action, and not having been joined with the demand for the first year's subscription in that action, the judgment in it is a bar to this action. (*Secor* v. *Sturgis*, 16 *N. Y. Rep.* 554. *Hopf* v. *Myers*, 42 *Barb.* 272. *Cocks* v. *Bendernagle*, 19 *Wend.* 207. *Miller* v. *Covert*, 1 *id.* 487. *Bancroft* v. *Winspear*, 44 *Barb.* 209.)

*By the Court*, CLERKE, P. J. In order to avoid multiplicity of actions, the law forbids that a cause of action shall be split up for the purpose of bringing several actions. But when several claims payable at different times arise out of the same contract or transaction, separate actions can be brought as each liability enures. Still, however, if no action is brought until more than one is due, all that are due must be included in one action; and if an action is brought when more than one is due, a recovery in the one first brought will be an effectual bar to a second action, brought to recover the other claims that were due when the first was brought. That is precisely the state of things in the case before us; and the authority to which the counsel of the appellant refers is not applicable to it. In that case (*Beach* v. *Crain*, 2 *N. Y. Rep.* 86) only one breach of the covenant had been committed, when the first action was commenced. The first was commenced on the 29th of September, 1846, for not keeping a gate in repair according to covenant, for damages that had accrued previous to that time. The second action was brought to recover damages that had accrued from the 19th October to the 30th of November, 1846, for not keeping the same gate in repair; and it was held that the former action was no bar to the second. But, if an action was commenced after the 30th of November, 1846, for the damages that had accrued during the first period, and, afterwards, a second action was commenced, for damages that had accrued during the second period, the first

would be a bar to the second. And here, the first action brought by the plaintiff, against the defendant, was properly held to be a bar to the second, as all the installments included in both actions were due when the first was brought.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, June 7, 1869. *Clerke, Cardozo* and *Geo. F. Barnard,* Justices.]