JACOB LORILLARD, Respondent, *v.* WILLIAM P. CLYDE et al., Appellants.

A judgment rendered on the merits is co-extensive with the issues upon which it is founded, and is conclusive between the parties thereto, not only as to the matters actually proved and submitted for decision, but also as to every other matter directly at issue by the pleadings which the defeated party might have litigated.

While parol evidence may be received to show what was litigated upon the trial of a former action, it must be consistent with the record and cannot be admitted to contradict it.

Testimony is also incompetent which merely tends to show that the defendants omitted to produce upon the former trial all the evidence that was admissible therein on their behalf.

Defendants guaranteed to plaintiff an annual dividend of seven per cent for seven years from July 1, 1874, on certain stock. In an action upon the guaranty to recover for a default in paying dividend for the year 1879, defendant pleaded in bar a judgment in plaintiff's favor in an action upon the guaranty brought in 1881, to recover for a default in 1876. It appeared by the judgment record in that action that defendants pleaded in bar therein the pendency of another action to recover for defaults in 1877 and 1878. The judgment recited that the issues were tried, and it was adjudged that the answer contained no defense. *Held*, that the legal effect of the former judgment was an adjudication that the contract was divisible, and that separate actions were maintainable for defaults which had previously occurred; and so, that the question as to the validity of the plea in bar was *res adjudicata*.

Also *held*, that the trial court properly excluded evidence tending to show that upon the trial of the former action no proof was offered to support the plea of former action pending, in the absence of an offer to show that the defense was waived, withdrawn or striken from the record.

Reported below, 24 J. & S. 14.

(Argued June 2, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 6, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court upon trial at Circuit, and affirmed an order denying a motion for a new trial.

This action was upon a written agreement whereby the defendants, under their firm name of "William P. Clyde &

| | |
|---|---|
| 122 | 41 |
| 130 | 230 |
| 130 | 650 |
| 122 | 41 |
| 136 | 477 |
| 122 | 41 |
| 137 | 268 |
| 122 | 41 |
| 142 | 458 |
| 122 | 41 |
| 151 | 127 |
| 122 | 41 |
| 158 | 406 |
| 122 | 41 |
| j164 | 222 |
| 122 | 41 |
| 172 | 1342 |
| 172 | 1345 |
| 122 | 41 |
| j173 | 1491 |

Co.," guaranteed to the plaintiff a dividend of not less than seven per cent per annum for seven years from July 1, 1874, upon certain shares of stock, which, as it was stipulated, were to be issued to him by a corporation about to be formed by the parties.

The complaint alleged that no dividend had ever been declared or paid by said corporation and that the defendants had omitted to pay the sum of $10,500, being the amount guaranteed for the year ending July 1, 1879.

Upon the trial it appeared that prior to the commencement of this action the plaintiff had commenced four other actions against the defendants upon said guaranty, the outlines of which are as follows, viz.:

| Court. | When begun. | For what default. | Result. |
|---|---|---|---|
| Supreme.. | Sept. 5, 1876.. | 1876...... | Discontinued Dec. 16, 1878. |
| City...... | Sept. —, 1878.. | 1877, 1878.. | Discontinued Oct. 24, 1878. |
| City...... | Oct. 26, 1878.. | 1877, 1878.. | Judgment for plaintiff, Dec. 29, 1883. |
| Superior.. | Nov. 18, 1881.. | 1876..... .. | Judgment for plaintiff, Apr. 27, 1882. |

The first and second actions were discontinued on motion owing to an agreement of arbitration entered into by the parties October 15, 1878. Four days later the plaintiff revoked the powers of the arbitrator and no award was made. From March 15, 1879, until October 29, 1881, there was a judgment of record in favor of the defendants in the third action, but it was reversed by this court at about the date last named. (86 N. Y. 384.)

The answer of the defendants in the fourth action pleaded the pendency of the third and alleged that it was between the same parties and for the same cause. After the plaintiffs recovered in the fourth action the defendants by a supplemental answer pleaded the judgment as a bar in the third.

The present action was commenced in June, 1885, to recover for the default of 1879, and the answer alleges, among

other defenses, the pendency of the fourth action, the recovery of judgment therein and the payment of the same. It also states that "the cause of action on which said judgment was recovered * * * arose out of the contract set forth in the complaint in the present action and is the same cause of action set forth in the complaint herein."

Further facts are stated in the opinion.

*Benjamin F. Tracy* and *William N. Dykman* for appellants. The successive breaches in 1876, 1879 and 1880 of the guaranty of dividends made one single and indivisible cause of action, and this cause of action was exhausted by the recovery in the Superior Court for the default of 1876. (*Bindernagle* v. *Cocks*, 19 Wend. 207; *Miller* v. *Covert*, 1 id. 487; *Secor* v. *Sturgis*, 16 N. Y. 584; *Perry* v. *Dickerson*, 85 id. 345; *R. P. Church* v. *Brown*, 54 Barb. 191; *Jex* v. *Jacobs*, 19 Hun, 105; *O'Brien* v. *Mayor, etc.*, 28 id. 250.) There has been no adjudication between these parties that the defaults of 1876 and 1879 form separate causes of action. (*Moore* v. *City of Albany*, 98 N. Y. 396; *Pray* v. *Hegemann*, 98 id. 351; *Emery* v. *Connor*, 3 id. 522; *Dunham* v. *Bower*, 77 id. 76; *Campbell* v. *Consalus*, 25 id. 613; *Woodgate* v. *Fleet*, 44 id. 1; *People* v. *Johnson*, 38 id. 63; *Lorillard* v. *Clyde*, 99 id. 196; *R. P. Church* v. *Brown*, 54 id. 191; *Secor* v. *Sturgis*, 16 id. 548; *Bill* v. *Merrifield*, 109 id. 203; *Stowell* v. *Chamberlain*, 60 id. 272; *Russell* v. *Place*, 94 U. S. 606; *Crowell* v. *County of Sac*, Id. 351.) It was error to exclude evidence showing that in the former actions no proof was given in support of the plea in abatement, and that the defense was not submitted to the court for its adjudication. The defendants had a right to prove this by oral testimony. (102 N. Y. 59; *Burwell* v. *Knight*, 51 Barb. 267; *Boyce* v. *Burt*, 42 id. 603; *Wood* v. *Jackson*, 8 Wend. 9; *Lawrence* v. *Hunt*, 10 id. 80; *Bell* v. *Merrifield*, 109 N. Y. 202; *Stowell* v. *Chamberlain*, 60 id. 272; *Russell* v. *Place*, 94 U. S. 606; *Cromwell* v. *County of Sac*, Id. 351; *Angel* v. *Hollister*, 38 N. Y. 378; *Colwell* v. *Bleakley*, 1 Abb. Ct. App. Dec. 400;

*Zoeller* v. *Riley*, 100 N. Y. 102; *Miller* v.ʻ*Manice*, 6 Hill, 114, 121; Bigelow on Estoppel [4th ed.], 154; *Campbell* v. *Rankin*, 99 U. S. 261; *Foye* v. *Patch*, 132 Mass. 111; *Supplis* v. *Cannon*, 44 Conn. 430; *Roberts* v. *Orr*, 56 Penn. 180; *Sanderson* v. *Peabody*, 58 N. H. 118; *Burlin* v. *Shannon*, 14 Gray, 439; *Hanchey* v. *Croskrey*, 1 South. Rep. 259.)

*Asa Bird Gardiner* and *Richard L. Sweezy* for respondent. It has been conclusively adjudicated by the prior judgments in the New York Superior Court, and in the City Court of Brooklyn, that as between these parties, and upon this contract, successive actions may be brought and successive recoveries had, although for installments all due when the action for the first installment was brought. (*Lorillard* v. *Clyde*, 102 N. Y. 59; *Tuska* v. *O'Brien*, 68 id. 446; *Marcellus* v. *Countryman*, 65 Barb. 201; *Dunham* v. *Bower*, 77 N. Y. 76; *Smith* v. *Heimstreet*, 54 id. 644; *Tioga R. R. Co.* v. *Blossburg R. R. Co.*, 20 Wall. 137.) The evidence attempted to be introduced by defendants was plainly immaterial; if true, it could not have affected the result of the action, and was properly excluded. (*Birkhead* v. *Bunn*, 5 Sandf. 134; *Miller* v. *Manice*, 6 Hill, 114; *Smith* v. *Smith*, 79 N. Y. 634; *Clemens* v. *Clemens*, 37 id. 74; *Jordan* v. *Van Epps*, 85 id. 427; *Bloomer* v. *Sturges*, 58 id. 176.) Although in certain cases parol evidence is undoubtedly admissible to show what was or was not actually litigated, we do not conceive the rule to be as broad as claimed by appellants. Such proof must be consistent with the record, and cannot be admitted to vary or contradict the record. (*Davis* v. *Tallcott*, 12 N. Y. 184; *Campbell* v. *Butts*, 3 id. 173.)

VANN, J. The clause of the contract upon which all of the actions, mentioned in the foregoing statement, were founded is as follows, viz.: "William P. Clyde & Co. to have the management of said corporation and business, and in consid-

eration thereof, to guarantee Jacob Lorillard a dividend of not less than seven per cent per annum for seven years, and to receive for such management the usual commission of two and one-half per cent in, and five per cent out, at each end, on the freights earned."

On the 18th of November, 1881, when the plaintiff began suit for the default of 1876, he was entitled to recover not only for that default, but also for the default of 1879, and no action was then pending for the recovery of either sum. The defendants insist that the contract is indivisible and that the plaintiff was bound to embrace in that action all guaranteed dividends then due and not in suit.

It is doubtless true, as a general proposition, that each default in the payment of money falling due upon a contract, payable in instalments, may be the subject of an independent action, provided it is brought before the next instalment becomes due, but each action should include every instalment due when it is commenced, unless a suit is, at the time, pending for the recovery thereof, or other special circumstances exist. (*R. P. D. Church* v. *Brown*, 54 Barb. 191; *Beach* v. *Crain*, 2 N. Y. 86; *Secor* v. *Sturgis*, 16 id. 548, 554; *Jex* v. *Jacob*, 19 Hun, 105; *Bendernagle* v. *Cocks*, 19 Wend. 207; *Smith* v. *Jones*, 15 Johns. 228.)

The plaintiff, without denying that this proposition applies to contracts generally, insists that it does not apply to the contract in question, because it has been adjudged that as between these parties and as to this contract, successive actions may be brought and independent judgments recovered even for instalments that were due and not in suit when the action to recover one thereof, without including the others, was commenced.

The judgment of the Superior Court, entered April 27, 1882, did not thus adjudicate in express terms, as in form it simply adjudged that the plaintiff recover of the defendants the sum of $15,021.17. In legal effect, however, as the answer pleads the pendency of the action in the City Court and the judgment recites that the issues were tried, it adjudged

that the answer contained no defense. The language used by this court in deciding an appeal brought by the defendant in the City Court action is repeated as applicable here.

"To the action commenced in the Superior Court in which the plaintiff had his first recovery, the defendants interposed this defense, to wit: 'That at the time of the commencement of this action, there was, and now is, another action pending in the City Court of Brooklyn between the same parties as this action and for the same cause of action as that set forth in the complaint herein.' If the defendants are right in their present contention that the plaintiff was entitled to maintain but one action to recover for all of these dividends, and that he had but one cause of action against them, then that was a good defense to that action. But the plaintiff recovered, and thus it was adjudged that that was not a good defense; that this action was not for the same cause of action as that; that both actions could proceed; and that the pendency of one could be no defense to the other. That adjudication estops and binds these defendants and they cannot now be heard to say that the two actions were commenced for the same cause of action, or any portion of the same cause." (*Lorillard* v. *Clyde*, 102 N. Y. 59, 64.)

The legal effect, therefore, of the judgment invoked as a bar to this action was an adjudication that the contract in question was divisible, so that the instalment due July 1, 1876, could be recovered in one action, and the instalment due July 1, 1877, in another, although neither was commenced until both instalments had become due. The determination that these two instalments were severable, although each was separately sued after both were due, necessarily involves the result that any of the instalments may be thus separated in suit, because they are all alike, and are created by the same words. As there was but one promise made by the defendants, the contract is either divisible or indivisible as a whole, and there can be no distinction between the several instalments in that regard. Its unity or divisibility was directly at issue in the action pleaded as a bar, and every material ques-

tion of fact or law involved in an issue must be regarded as determined by the final judgment in the action so as not to be the subject of judicial investigation again in any subsequent litigation between the same parties.  Even if it was wrongfully adjudged that the contract was divisible as to the second, third and fourth sums falling due, it follows from the binding force that the law gives to a judgment between the same persons and upon the same point that, as between these parties it is divisible as to the fifth also.

The defendants contend that, while the prior judgments may be presumptively a bar, they are not conclusive and that it was error for the trial court to exclude evidence tending to show that upon the trial of those actions no proof was offered to support the plea of former action pending.  There was no offer to show that the defense in question was waived, withdrawn or stricken from the record, or that the issues were in any way changed.  Evidence merely tending to show that the defendants omitted to produce, upon the trial, all the evidence that was admissible in their behalf was immaterial.  A judgment rendered on the merits is co-extensive with the issues upon which it is founded and is conclusive between the parties thereto, not only as to the matters actually proved, argued and submitted for decision, but also as to every other matter directly at issue by the pleadings which the defeated party might have litigated.  (*Jordan* v. *Van Epps*, 85 N. Y. 427 ; *Smith* v. *Smith*, 79 id. 634 ; *Tuska* v. *O'Brien*, 68 id. 446, 449 ; *Bloomer* v. *Sturges*, 58 id. 168, 176 ; *Clemens* v. *Clemens*, 37 id. 59, 74 ; *Doty* v. *Brown*, 4 id. 71 ; *Burt* v. *Sternburgh*, 4 Cow. 559 ; *Phillips* v. *Berick*, 16 Johns. 136 ; *Cromwell* v. *County of Sac*, 94 U. S. 351 ; *Aurora City* v. *West*, 6 Wall. 82 ; Big. on Estop. [5th ed.] 165 ; Wells' Res Adjudicata, etc., §§ 248–251 ; Freeman on Judg. § 260.)

Moreover, the record in the City Court action which was in evidence when the offer in question was made, shows that the defendants requested the trial judge to find that "all the claims and demands of the plaintiff for instalments of dividends for 1874, 1875, 1876, 1877 and 1878 having accrued under

one and the same contract prior to the commencement of this action, or that in the Superior Court of the city of New York, constituted one cause of action. The recovery in the Superior Court for a part of this cause of action is a bar to this suit. The cause of action is indivisible." This request was refused, and the refusal to find it is a part of the judgment-roll. While parol evidence may be received to show what was litigated upon the trial, it must be consistent with the record and cannot be admitted to contradict it. (*Campbell* v. *Butts*, 3 N. Y. 173; *Davis* v. *Tallcot*, 12 id. 184, 190; *Wood* v. *Jackson*, 8 Wend. 9; *Gardner* v. *Buckbee*, 3 Cow. 120; Freeman on Judgments, § 275.)

As it has been twice adjudged in actions founded on the same contract and brought under the same circumstances as this, that the defense now insisted upon is not good, the defendants are bound by the result even if it was wrong, because the policy of the law does not permit a retrial, between the same parties, of an issue already determined by a prior judgment that is still in force.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.