### UNDERHILL *v.* COLLINS.

*(Supreme Court, General Term, Second Department.   July 2, 1891.)*

JUDGMENT—RES ADJUDICATA—ACTION FOR INSTALLMENTS.

Defendant leased certain premises from plaintiff at a specified rent, payable in monthly installments.  Defendant left the premises before the end of his term, the rent being paid up to the time of leaving.  Afterwards, and before the end of the term, plaintiff brought an action for the installments of rent accruing in the meanwhile, and recovered judgment therefor, and thereafter instituted another action for the further installments subsequently accruing.  *Held*, that the judgment in the first action was not a bar to a recovery in the second, all the installments then due having been embraced in the first action.

Appeal from circuit court, Kings county.

Action by Jeronemus S. Underhill against Samuel Collins. From a judgment for plaintiff, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*P. Q. Eckerson,* for appellant. *Deming & Logan,* (*Arthur E. Walradt,* of counsel,) for respondent.

BARNARD, P. J. The plaintiff let to the defendant premises in New York for three years and seven months, at the monthly rent of $75, payable in advance until May, 1887, and after that time at $100 per month. The lease was given the 30th of September, 1886. Defendant took possession of the premises, and occupied them until May, 1888. The rent was paid up when the tenant left the premises. In January, 1889, the plaintiff brought an action to recover the installments due under the lease. The answer averred that defendant did not have quiet and peaceable possession and surrender of the premises. The plaintiff recovered judgment in the action. This action is brought for the subsequent installments, and the same defenses are pleaded, with the additional one of a former suit in bar. The court ordered a verdict for the plaintiff. The former suit was not a bar. An action upon an instrument payable by installments may be brought for each installment as it became due, but the action must embrace all which are due when the action is commenced. *Lorillard* v. *Clyde,* 122 N. Y. 41, 25 N. E. Rep. 292. The former suit did establish that there had been no surrender and no eviction, and that the defendant was not justified in leaving the premises. No new surrender after the former action was proven, and none which was not within the evidence given in this action. Of course, there was no new eviction, for the defendant had left the premises before the first action was commenced, and no new possession had been taken by defendant. There was no question as to the amount of the rent. The defendant asked a reduction from the amount as called for by the lease, and it was allowed. The judgment should be affirmed, with costs. All concur.