PEURRUNG v. CARTER-CRUME CO.

(Circuit Court, S. D. Ohio, W. D.  January 11, 1899.)

CONTRACT—REPUDIATION—ACTIONS FOR INSTALLMENTS.

> Where one repudiates a contract by which he is bound to make certain payments at certain times, the other party is not bound to sue for damages as for a breach, or to wait till all the installments are due, but may bring separate actions for installments as they become due.

C. W. Baker, for plaintiff.

O. M. Gotschall and Jos. Wilby, for defendant.

THOMPSON, District Judge. On August 14, 1894, Peurrung Bros. & Co. and the Carter-Crume Company entered into an agreement by the terms of which Peurrung Bros. & Co. agreed to waive all claim to and rights under a certain contract between Peurrung Bros. & Co. and Tower & Matthews for the manufacture and sale of wooden butter dishes; and the Carter-Crume Company, in consideration thereof, agreed to pay Peurrung Bros. & Co. $3,000 per annum, for the term of 3 years and $6\frac{1}{2}$ months, in monthly installments of $250 on the 15th day of each month. Among other things, the contract further provided that the Carter-Crume Company should sell Peurrung Bros. & Co. 1,500,000 wooden dishes from the factory of Tower & Matthews at certain prices, and also sell them wire end dishes with certain favorable discounts from the market price, reserving the right to ship the dishes from the factory nearest to destination; and, in consideration of the discount allowed and other valuable considerations, Peurrung Bros. & Co. agreed not to purchase wire end dishes from any other firm or corporation, and not to give or allow to any customer any part of the discount allowed. And it was further provided that as the agree-

ment was based upon a contract of even date made between the Carter-Crume Company and Tower & Matthews, by the terms of which it was provided that that contract might be annulled by the Carter-Crume Company on the 1st day of March of any year, it was also agreed that, if that contract—the contract between the Carter-Crume Company and Tower & Matthews—should be annulled, then the contract between Peurrung Bros. & Co. and the Carter-Crume Company might also be annulled on the 1st day of March of any year, by the Carter-Crume Company giving 90 days' written notice thereof. Under this contract the monthly installments of $250 were paid up to and including the installment due September 15, 1895, amounting to $3,000. On September 20, 1895, the Carter-Crume Company, in writing, notified Peurrung Bros. & Co. that they would no longer be bound by the contract, and thereafter refused to make any further payments to Peurrung Bros. & Co. under the same. Afterwards, on September 29, 1896, Joseph P. Peurrung, as the assignee of Peurrung Bros. & Co., brought suit in this court against the Carter-Crume Company for the installments due upon the contract up to that date, to wit, from and including the installment due October 15, 1895, up to and including the installment due September 15, 1896, amounting to $3,000, and on April 3, 1897, obtained judgment for that amount, with interest. Afterwards, on June 14, 1898, Joseph P. Peurrung brought this suit to recover the remainder of the installments due under said contract. The case was tried to the jury, and at the conclusion of the evidence counsel for the plaintiff moved the court to withdraw from the consideration of the jury the second and third defenses of the answer, upon the ground that they were not sufficient in law to constitute defenses to the action. The motion was sustained, and these defenses were withdrawn from the consideration of the jury. The case was then submitted to the jury upon the remaining defenses, and they returned a verdict for the plaintiff for the amount claimed, $4,625, with interest.

The case is now presented to the court upon two motions: First, a motion for a new trial, which, without discussion, is overruled; second, a motion for judgment non obstante veredicto. This latter motion is predicated upon the third defense of the answer,—one of the defenses which was withdrawn from the consideration of the jury. The claim made in support of the motion is that the contract sued on is entire and indivisible, and that the judgment in the former case is a bar to a recovery in this case. It is argued that the letter of the Carter-Crume Company of September 20, 1895, to Peurrung Bros. & Co., was a repudiation of the contract,—a total abandonment or breach of the contract on the part of the Carter-Crume Company,—such as (1) required Peurrung Bros. & Co. to treat their claim against the Carter-Crume Company as a "single cause of action upon the contract," and at once bring an action for the entire amount claimed, whether due or not (Suth. Dam. § 108); or (2) gave them an election either to pursue that course, or to treat the contract as subsisting, and wait until all the unpaid installments became due, and sue for the entire amount. To support this

claim a great many cases are cited to show that running accounts, contracts for the payment of a sum of money in installments, and service contracts providing for weekly, monthly, or quarterly payments of wages, are single and indivisible, in the sense that upon breach but one cause of action arises or can be prosecuted thereon, and that such cause of action cannot be split up so as to maintain separate actions on the several installments, etc., but that a recovery on one installment will be held to cover the entire claim, and bar any other suit on the contract for any other installment. But when the cases are examined it will be found that the rule which the courts seek to enforce is that all such installments as may be due at the time of bringing the action shall be regarded as one entire, indivisible cause of action, which cannot be split up for the purpose of bringing more than one suit, and does not and never was intended to cover installments not due. Guernsey v. Carver, 8 Wend. 492, 24 Am. Dec. 60; Bendernagle v. Cocks, 19 Wend. 207; Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663; Jex v. Jacob, 7 Abb. N. C. 452; Burritt v. Belfy, 47 Conn. 323, 36 Am. Rep. 79; Hallack v. Gagnon (Colo. App.) 36 Pac. 70; Underhill v. Collins (Sup.) 15 N. Y. Supp. 495; Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292, 19 Am. St. Rep. 470. While the contract is subsisting each installment may be sued for as it becomes due. But where the payments under the contract require an accounting to determine the amount, or where the contract provides for but a single payment, the party entitled to the payment must either accept the breach and sue for damages, or wait until the expiration of the contract and then sue for the total amount. In such cases it cannot be said that the amount claimed is due until an accounting be had or the contract expires. In this case, however, the contract fixes the amount and date of payment of each installment, each installment becoming due on the 15th day of each month. And the party not in fault may elect to treat the contract as subsisting. The party in fault cannot put an end to the contract, of his own will, so as to deprive the other party of any of the benefits of the contract accruing from its continuance. To permit him to do so would enable him to take advantage of his own wrong. If the party not in fault elects to accept a total breach of the contract tendered by the other party, then the whole claim becomes due, and he may bring an action to recover the entire amount, or, perhaps more properly speaking, he may claim and recover damages covering the entire amount. If he elects to treat the contract as subsisting, then it continues for the benefit of both parties. The party making the election must stand ready at all times to perform the contract on his part, and the other party may repent and perform. A total breach or repudiation of the contract is regarded in the eye of the law as a prevention of performance by the other party, and justifies his election to treat the contract at an end and sue for his entire claim. Railway Co. v. Richards, 152 Ill. 59, 38 N. E. 773, 30 L. R. A. 33.

In this case the Carter-Crume Company repudiated the contract, but the plaintiff chose to keep it alive. He never replied to the letter of September 20, 1895, from the Carter-Crume Company re-

pudiating the contract, but made a demand for and brought suit for the installments then due, and afterwards brought this suit for the remaining installments when they became due. The performance required of him was of a negative character, but it is conceded that he refrained from doing the things prohibited to him by the contract, and the defendant has never availed itself of the opportunity to repent and perform. I am still of the opinion that the third defense set up in the answer does not, in law, constitute a defense to the action, and the motion for judgment notwithstanding the verdict will be overruled, and judgment will be entered on the verdict.