(44 Misc. Rep. 272.)

## HARTMANN v. CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. July, 1904.)

1. ACTIONS—SPLITTING CAUSE.

Where a clerk employed by the city of Brooklyn was entitled to $1,500 salary, payable monthly, before consolidation in 1898, and was thereafter retained in office at a reduction, and subsequently removed and reinstated, and he assigned his salary pending such removal to his attorney at the rate of $100 per month, and his attorney recovered such sum of the city, the clerk could not thereafter recover from the city the difference between the $1,200 and the $1,500; the cause of action being indivisible.

2. MUNICIPAL CORPORATIONS—EMPLOYÉS—REDUCTION OF SALARY.

Though under the New York city charter (Laws 1897, p. 160, c. 378, § 456) the power to reduce the salary of a clerk in the department of city works is with the deputy commissioners, the fact that the commissioner directed a deputy commissioner to make the reduction was immaterial; the act of reduction being in fact and in law that of the latter, and therefore valid.

Action by John Hartmann against the city of New York. Judgment for defendant.

R. Percy Chittenden, for plaintiff.
Edward H. Wilson, for defendant.

GAYNOR, J. The plaintiff was a clerk in the department of city works of the city of Brooklyn at $1,500 a year, payable in equal monthly sums. Having been transferred to the new city of New York on January 1, 1898, the commissioner of water supply of the city sent a communication to the deputy commissioner of water supply for the borough of Brooklyn on February 7, 1898, to reduce the plaintiff's salary to $1,200, beginning with January, and the deputy did so. The plaintiff was paid $100 a month, until he was removed at the end of December, 1898. He was reinstated by a writ of mandamus on June 5, 1900. At that time he assigned his salary for the interval of 17 months that he was out to his counsel, the written assignment expressing it to be at $100 a month. The said counsel brought an action therefor against the city and recovered $1,700 for the said interval of 17 months.

This action is to recover $25 a month from the beginning of 1898.

In the first place, the recovery by the said assignee is a bar to a further recovery for the period covered by the assignment, and also for the preceding period. If the city is liable for a salary of $1,500 a year, it was liable for a balance of $25 a month for the year 1898, and for $125 a month for the said interval when the plaintiff was out unlawfuly, making in all $2,425. This was an entire debt, constituting one indivisible cause of action. It could not be split up, and the recovery in one action thereon is a bar to another. Bendernagle v. Cocks, 19 Wend. 207, 32 Am. Dec. 448; Reformed Church v. Brown, 54 Barb.

191; Secor v. Sturgis, 16 N. Y. 558; Baird v. United States, 96 U. S. 430, 24 L. Ed. 703.

In the next place, I think that the reduction was by the deputy commissioner. The commissioner did not have the power to reduce the salary; the power was with the deputy commissioner (City Charter; Laws 1897, p. 160, c. 378, § 456); but although the commissioner directed the deputy commissioner to make the reduction, the act of reduction was in fact and in law that of the latter, and therefore valid. He could have refused, but did not do so. Havron Case, 85 App. Div. 110, 83 N. Y. Supp. 321.

Judgment for the defendant.