### BLACKGROVE v. FLAHERTY.

(Supreme Court, Appellate Term. February 28, 1905.)

PLEADINGS—JUDGMENT—STIPULATION.

Plaintiff, as receiver, brought suit in December, 1904, to recover $300 as rent for certain premises for September, October, and November, 1904. Defendant denied that plaintiff was entitled to recover $300, but admitted owing $200 rent for October and November, 1904, and paid the same into court. The answer then alleged that on September 28, 1904, plaintiff sued defendant for $200 rent for July and August, and recovered judgment, and that the rent for September became due and payable on September 1, 1904. No proof was offered by either party, but a stipulation was filed that the action was submitted to the trial court on the pleadings. Held, that the stipulation only permitted the court to decide the case on the pleadings, and that, in the absence of proof, there was no foundation in the pleadings on which to base a judgment for either party.

Scott, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Joseph F. Blackgrove, as receiver, etc., against Joseph B. Flaherty. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Samuel W. Phillips, for appellant.
Peter Eagan, for respondent.

McCALL, J. This action was begun by the service of a summons and a verified complaint upon the 7th day of December, 1904, and the complaint, after setting forth the necessary allegations as to plaintiff's appointment and qualifications as receiver, etc., alleges that the defendant is the lessee of certain premises for the rent of which the plaintiff is entitled to recover, and that the rent for the months of September, October, and November, 1904, are due and unpaid, amounting to the sum of $300, and that such rent, according to the terms of the lease, was at the rate of $100 per month, payable in advance upon the 1st day of every month. By a verified answer the defendant denies that there is due and payable to the plaintiff said sum of $300 rent for the months of September, October, and November, 1904, but admits owing $200 rent for the months of October and November, 1904, and the same was paid by him into court. The answer then sets up as a separate and distinct defense "that on September 28, 1904, the plaintiff herein, in his capacity as receiver, commenced an action in this court against the defendant to recover the sum of $200 for rent of said premises for the months of July and August, 1904, and recovered a judgment in said action," and then alleges that the rent for the month of September, 1904, became due and payable on the 1st day of September, 1904. The answer also demands judgment for a dismissal of the complaint. No proof was offered by either party upon the trial. There is a stipulation attached to the record, signed by the attorneys for the respective parties, to the effect "that the above-entitled action was submitted to the trial court upon the pleadings herein." The plaintiff had a judgment for the full amount claimed in his complaint. No agreed statement of facts is submitted, and, as no reply is permitted in a Municipal Court action, the allegations set forth in the answer as a defense must be considered as having been denied.

As the pleadings stand, the plaintiff's allegations in the complaint that the sum of $300 is due from the defendant is denied as to $100, part thereof, and the defendant's affirmative defense is also denied. Attached to the record there are two so-called "statements of facts," one signed by the plaintiff's attorney and the other by the defendant's attorney. The defendant alleges in his statement that prior action was begun by this plaintiff on September 28, 1904, at which time the September rent had accrued, which action resulted in a judgment in favor of the plaintiff for the rent for the months of July and August, and that, for the reason that the September rent was not included in the recovery had in that action, the plaintiff is now precluded from recovering in this. The plaintiff's statement contains no admission of the recovery of such a judgment. He admits that an action was instituted to recover the rent for the months of July and August, 1904, and states that after several adjournments the defendant paid the said rent into court; but as to

whether there was ever a judgment entered in such action he is silent. These statements, of course, are not proof upon the questions put in issue by the pleadings, and there is no agreement that the court below might determine the issues upon those statements. The most that can be said is that the stipulation above referred to permitted the court below to decide the case upon the pleadings, and in the absence of proof the court below had no foundation upon which to base a judgment for either party.

Judgment reversed, and new trial ordered, with costs to abide the event.

GIEGERICH, J., concurs.

SCOTT, J. (dissenting).  The evident intent of the parties was to ad-mit that an action had been commenced after September 1st for the July and August rent, and had proceeded to judgment. As the September rent was due when the action was begun, it should have been included. Lorillard v. Clyde, 122 N. Y. 47, 25 N. E. 292, 19 Am. St. Rep. 470. I see nothing to be gained by reversing the judgment merely to allow formal proof of a conceded fact.

The judgment should be reduced to $215, and, as reduced, should be affirmed, without costs.