(50 Misc. Rep. 309)

### KIELEY v. KAHN.

(Supreme Court, Appellate Term.   April 24, 1906.)

JUDGMENT—SPLITTING CAUSES—INSTALLMENTS OF RENT.

> Judgment in an action for the recovery of an installment of rent due August 28th does not bar a subsequent action for installments due August 14th and 21st, where an action for those installments was pending when the action for the installment due August 28th was commenced, but was discontinued before judgment in that action.
>
> [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1111.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Timothy J. Kieley against George Kahn. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Abraham Goldfarb (Maurice Rapp, of counsel), for appellant.
Hardy & Shellabarger (Charles J. Hardy, of counsel), for respondent.

SCOTT, P. J. The facts are undisputed. The defendant is sued as guarantor for one Lichtwitz under a lease. The present action is for two installments of rent falling due respectively on August 14, and August 21, 1905. On August 25, 1905, plaintiff commenced an action for these two installments against both Lichtwitz and this defendant. On September 13th judgment was taken against Lichtwitz, and the action discontinued against this defendant. Meanwhile, and on August 30, 1905, an action was commenced against this defendant for an installment which had fallen due on August 28th, and in this action judgment was obtained on September 14th, and subsequently paid. The present action was commenced on September 8th. The pleadings were oral, the answer being "general denial and payment." The only defense relied upon is based upon the familiar rule that when a plaintiff sues upon a single contract, such as a lease, providing for payment in installments, and does not include all installments due at the time of commencing suit, he may not after judgment sue for installments which were due when the prior action was commenced, but were not included in it. Bendernagle v. Cocks, 19 Wend. 207, 32 Am. Dec. 448; Jex v. Jacobs, 19 Hun, 105; Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292, 19 Am. St. Rep. 470. The contention is that, inasmuch as the installments of August 14th and August 21st, now sued for, were due when plaintiff began his action for the installment of August 28th, he should have included those installments in his action for the latter, and, having failed to do so, and having recovered a judgment for and been paid the installment of August 28th, he cannot now recover for the prior installments.

It is perhaps a sufficient reason why this defense should not prevail that the judgment relied upon as a bar was not so pleaded. But, even if it had been, the defense would have been unavailing. The rule relied upon by defendant is thus stated by Vann, J., in Lorillard v. Clyde, supra:

"It is doubtless true, as a general proposition, that each default in the payment of money falling due upon a contract payable in installments may be the subject of an independent action, provided it is brought before the next installment falls due; but each action should include every installment due when it is commenced, unless a suit is at the time pending for the recovery thereof, or other special circumstances exist."

There can be no doubt that plaintiff had the right to sue for each installment as it accrued, and since he was neither bound, nor would have been permitted, to maintain simultaneously two actions within the same jurisdiction for the same debt, he could not properly include in his action for the installment of August 28th a claim for the installments of August 14th and 21st, if he already had another action pending for these installments. The record shows that the action for the installment of August 28th was begun on August 30th, and that at that time the plaintiff did have an action pending against this defendant for the prior installments of August 14th and August 21st; said action not being discontinued until September 13th. The plaintiff could not, therefore, have properly included in his action for the installment of August 28th a claim for the prior installments, which were then in suit, and the exception or qualification pointed out in Lorillard v. Clyde applies.

That the action for the installments of August 14th and August 21st was discontinued after the commencement of the action for the installment of August 28th, and before judgment therein, we deem to be immaterial. The judgment in the last-mentioned action could be no greater than the plaintiff's claim as it existed at the time the action was commenced, and the vital question remains whether the plaintiff could or should have included a demand for the prior claims in that action. Clearly, he should not, for they were already in suit.

It follows that the judgment was right, and should be affirmed, with costs. All concur.