## WILSON v. LOCKE.

(Supreme Court, Appellate Division, First Department. December 21, 1906.)

1. ACTION—CONSOLIDATION.

Plaintiff sued to recover two installments on an agreement to purchase certain stock, which had become due when the complaint was verified. Before plaintiff served defendant, the remaining installments under the contract became due, and plaintiff commenced a second action therefor. The defense in the second action was the same as in the first, except in the second the defendant set up the pendency of the first. *Held*, that it was error to refuse a motion to consolidate, made after the actions were at issue.

2. SAME—TIME FOR MOTION—LACHES.

Where successive actions on claims under a contract were otherwise proper to be consolidated, delay in making a motion to consolidate until both causes were at issue, but neither had been reached for trial, was not ground for refusing the motion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 677.]

Appeal from Special Term, New York County.

Action by George B. Wilson against Charles E. Locke. From an order denying plaintiff's motion to consolidate actions between the parties, he appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

John R. Dos Passos, for appellant.
Odell D. Tompkins, for respondent.

INGRAHAM, J. Plaintiff commenced action No. 1 to recover two installments of an agreement to purchase certain stock of a corporation which had become due at the time the complaint was verified on the 28th of January, 1904. Before the plaintiff was able to serve the defendant, the other two installments to be paid for this stock became due, and thereupon the plaintiff commenced a second action to recover the remaining installments. The summons and complaint was served in the second action on the 7th of October, 1904. After the action was at issue the plaintiff made a motion to consolidate these two actions. The defense in the second action was the same as the defense in the first, except in the second action the defendant set up the pendency of the first action, alleging that it was commenced to recover the first two installments after the installments in the second action became due. The court below denied this motion, on the ground that the defense in the second action was different from the defense in the first action.

As the defense in the second action was simply the pendency of the first action, all the plaintiff would have to do would be to discontinue both actions and commence a new action for all four installments.

The defense of a pending action to recover the first two installments would not be available to the defendant, unless judgment was entered in the first action prior to the trial of the second action. It is the judgment that merges all claims made under a contract up to the time of the commencement of the action that is a bar to the second, and, while it is proper to plead as a defense the pendency of the first action, it is quite apparent that it is the judgment that becomes a bar to the recovery on the second installments, and not the mere pendency of the action to recover for the first installments. In all of the cases cited by the defendant it was a judgment in the first action that was a bar to the maintenance of the second action for the installments due upon the contract when the action was commenced, and not the mere pendency of the action. Thus, in Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292, 19 Am. St. Rep. 470, it was a judgment entered in the first action that was held to be a bar to an action to recover for installments due when the second action was commenced. So, in Jex v. Jacob, 19 Hun, 105, it was a judgment that was held to be the bar. And in that case the decision was that, on motion to vacate the judgment recovered and for leave to return to the defendants, the money received by way of satisfying it, on such terms as the court, to which it may be made, shall deem proper in case it shall be allowed to prevail and for the consolidation of the actions. Here the motion was made before the action was tried or before it was reached for trial.

The court had ample power and would have been justified in allowing the plaintiff to amend the complaint in the first action by setting up these two additional causes of action; and it has been held that the court had that power, even though judgment had been entered in the first action and had been satisfied by the defendant. Hatch v. Central National Bank, 78 N. Y. 487. The result of the consolidation of these two actions is nothing more than an amendment to the complaint in the first action, by including in it a demand for recovery upon the two installments which became due before the summons and complaint were served. A mere delay in making the motion was not such laches as should defeat the plaintiff's right to have the whole question determined in one action. The cases were at issue when the motion was made, but had not been reached for trial. It is not alleged that the defendant has been deprived of any substantial right in consequence of the delay, and we think the motion should have been granted.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted. All concur.