FRANCIS G. SALMON, Appellant, v. CHARLES GEDNEY, Impleaded, etc., Respondent.

The Supreme Court, whether sitting in General or Special Term, is one court, the General Term has the records of the court before it the same as the Special Term; and, after entry of judgment upon its decision, has power to correct, amend or modify the judgment so as to give true expression to its decision.

The distinction between the jurisdiction of this court and of the General Term of the Supreme Court in this particular pointed out.

Where an appeal to this court from an order of General Term involves an inquiry into the power of that court over its own records, to correct them so that they may express the purpose and judgment of the court, it is proper to look into the opinion of the General Term, as delivered upon the rendition of judgment, to learn what was its purpose.

In an action to foreclose a mortgage, A. & G. were made parties defendant; their interests were the same, G. claiming as grantee of A. They put in separate answers; the litigation was upon the answer of A. Plaintiff obtained judgment; A. appealed, G. did not. The minutes of the decision of the General Term were as follows: "Judgment reversed, new trial granted, costs to appellant to abide the event." An order was thereupon entered reversing the judgment as to A. only, and directing a new trial as to her. It appeared by the opinion of the General Term to have been its intention to reopen the whole case and to send it back for a new trial as to all the parties interested. Plaintiff, without notice to G., discontinued as to A. On motion of G. the General Term modified its order so as to reverse the judgment in toto and to grant a new trial both as to G. & A. Held, that the General Term had power to so modify; and that upon appeal to this court from the order directing the modification the question as to the power of the General Term to reverse a judgment against a party who had not appealed was not presented, as its judgment was not up for review; that the question could only be presented by appeal from the order of reversal.

(Argued December 3, 1878; decided December 17, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, modifying an order of reversal and new trial, entered upon the decision of said court, on appeal herein. (Reported below, 11 Hun, 29.)

The facts appear sufficiently in the opinion.

*Moody B. Smith*, for appellant. No error against the party not appealing could be passed upon by the appellate court.

(*N. Y. G. L. and Bk'g Co.* v. *Dudley*, 8 Paige, 452; *Townsend* v. *Graves*, 3 id., 453; *Bell* v. *Halford*, 1 Duer, 58; *Rooney* v. *Second ave. R. R. Co.*, 18 N. Y., 371; *Kelsey* v. *Western*, 2 id., 200; *Robertson* v. *Bullion*, 11 id., 243, 244; 4 J. R., 536, 582, 602; *In re Comrs. of Cent. Park*, 50 N. Y., 493.) One of many plaintiffs or defendants may appeal. (2 Tidd's Pr., 1190, 1191; Code, § 1294; *Mattison* v. *Jones*, 9 How., 152; *Brown* v. *Richardson*, 4 Barb., 603.)

*William Hildreth Field*, for respondent. Although courts have power to reverse a judgment as to one and let it stand as to another they will not do so when to do so would work an injustice. (*Gerard* v. *Stagg*, 10 How., 369.)

Folger, J. It appears that the plaintiff brought an action to foreclose a mortgage, and made Allen and Gedney parties. Both of them appeared. Gedney put in for answer, a general denial of the complaint. Allen put in a more detailed answer. The litigation was upon the issue raised by the answer of Allen. But Gedney's and Allen's interests were practically the same. The success of Allen in her defense, would be upon the establishment of facts, which ought also to protect Gedney from adverse judgment; for it appeared that Mrs. Allen held a prior mortgage which she foreclosed without making the then holder of plaintiff's mortgage a party; that she bought in the premises on sale under her foreclosure and afterwards sold and conveyed them with warranty to Gedney who expended a large amount in erecting buildings thereon. The plaintiff obtained a judgment in the trial court. Allen appealed therefrom. Gedney did not appeal. The General Term, gave a decision, which is in the language of its minutes: "Judgment reversed; new trial granted; cost to appellant to abide event." Upon this an order was entered reversing the judgment as to Allen only, and granting her a new trial. A later order now appealed from modified that order, so as reverse the judgment and direct a new trial as to both defendants. Part of the entry in the minutes

indicates the purpose of the General Term, to reverse the judgment of the referee completely, and to send back the whole case, as to all the parties, for a new trial. Such is the unexplained meaning of the phrases, "judgment reversed; new trial granted." Another part of the entry somewhat indicates, that the decision was intended to benefit Allen only, as costs to abide the event are awarded to the appellant only, and Allen is the only appellant. But that is not decisive. No other party had appealed. Hence no other party had prevailed. It is to the prevailing party alone that costs can be given as a general thing. So that the phrase last noticed, is not to be taken as overriding the intention manifested by the previous phrases.

We do not refer to an opinion of a court below as a general rule, to learn what is the judgment of the court, inasmuch as we must act upon the record, and the opinion forms no part of the record proper. But in such a case as this, which involves an inquiry into the power of the court over its own records, to correct them so that they may express the purpose and judgment of the court, it is proper to look at the opinion of the court, as delivered upon the rendition of judgment, so as to learn what was its purpose. The opinion is found in 11 Hun, 29. It is plain, from a perusal of that, that the court meant to do more, than relieve Allen from the judgment appealed from. It meant to bring the action into such train, as that the judgment to be finally given in it, would straighten the title to the mortgaged premises, and that the plaintiff in the action would have a right to redeem from Allen, and not to foreclose against her and Gedney. It also appears, that the court were of the mind, that the judgment of the referee, was not the proper one to have been made; that upon the facts before the court it could have modified it as to all the parties, and would have done so, but that it was considered by it important to arrive at the amount for which the plaintiff's mortgage was a substantial lien upon the premises; and that there was the further question, whether the plaintiff should be charged

with the value of improvements made upon the lands, which question, it is said, would be more fully presented on another trial.

We cannot but think that the General Term, meant by its judgment, to re-open the whole case, and to send the whole case back for a new trial as to all the parties to it interested in the questions discussed in the opinion, and involved in the adjudication. Hence, the minute which it gave to its clerk, and which he entered upon its books, did have in them the meaning of the court, that the judgment should be reversed *in toto*, and that there should be a new trial as to all parties to the action.

We cannot but regard the subsequent action of the plaintiff's assignee in his motions at Special Term, made in the action, but without notice to a party who had appeared and answered therein, by which the action was discontinued as to Allen, as an ingenious, we do not say improper attempt, to avoid the full force of the judgment of the General Term. We have just held, that a plaintiff has not the right absolute, either *ex parte*, or on motion, to have a discontinuance of an action, but that the court has the control of its orders, and may refuse the motion, or impose such conditions on the order granting it, as shall seem to be just in all the facts of the case. (*Carleton* v. *Darcy*,* decided December 3, 1878.) Now if the attention of the Special Term had been called to the facts of this case, and to the judgment of the General Term, and its reasons therefor, and to the minute of that judgment, we hardly think that it would have allowed a discontinuance of the action as to Allen, without some conditions in the order for the benefit of Gedney, or that it would have affirmed the judgment of the referee, which as we have seen, the General Term would have modified had it not wished further facts for a final and satisfactory adjudi-cation.

It is true that afterwards there was an order or judgment of the General Term entered, by which there is expressed a

*Ante, p. 375.

decision, that the judgment of the referee be reversed, and a new trial ordered, as to Allen only, with costs to her, to abide the event. We have no doubt but that the General Term retained power over this order, to modify it if it was mistaken or erroneous, so as to make it tell the truth of what the court had decided. (*Matter of Price*, 67 N. Y., 231.) The order had not gone beyond its jurisdiction. The Supreme Court in a district, or department, is one court, whether sitting in General Term, or in Special Term ; and the clerks, and their offices, and the records thereof, are of the General Term, as well as of the Special Terms respectively. A remittitur goes from this Court of Appeals, and is filed in the Supreme Court ; and it is beyond our jurisdiction, for it is then in another court, and a part of other records than our's ; so that we may not amend it, until it be returned to us, when we can do so. But the General Term has the records of the Supreme Court before it, and in its power, as the Special Terms have. We see no error in making the order of modification, so as to give true expression to the judgment of the General Term.

It is urged that the General Term has not power to reverse a judgment against a party who has not appealed from it. If that be granted, the judgment of the General Term which did that thing is not now before us for review. That is a judgment, and can be brought to our notice only by appeal as from a judgment. The appeal now pending, is from an order, an order made on motion to amend the records of the Supreme Court, and the only inquiry now is, had the General Term the power to correct, amend, or modify the records, expressive of its own judgments. We may leave the matter here.

The appeal should be dismissed.

All concur.

Appeal dismissed.