Ruger, Ch J
(dissenting.)—The questions in this case arise upon an appeal from an order, settling the accounts of the receiver appointed in the action, and providing for the distribution of the property coming into his possession.
No material question arises over the amount of moneys chargeable to the receiver, or the charge for expenses incurred or paid out by him in the course of his receivership. Those amounts are substantially agreed upon and remain unexcepted to by all parties.
The controversy here is between the plaintiffs and the receiver and his partner, Smith, on one side, and the defendants, Buhler and Stannard, on the other, as to who should, under the terms of the judgment rendered in the action, be charged with the expenses of the receivership, that is, whether such expenses should be charged wholly to the plaintiffs share, or should be imposed upon the partnership fund generally. Such judgment provided that "all the compensation and expense of the receiver be paid out of the plaintiffs’ share of the moneys and property received by the said receiver.’’
The special term ordered such expenses to the amount of $6,475.41, to be charged upon the whole fund, and charged plaintiffs' share with the payment of $1,000, commissions, *184 and $62.35 costs of expenses only, and the general term reversed this order and directed all the commissions and expenses incurred and paid out by the receiver,.as stated in his account, to be paid from the plaintiffs’ share of the fund.
The correctness of this order depends upon the construction to be given to the final judgment in the action, under which the receiver was appointed. That action was between partners, and was brought to restrain the defendants from proceeding to sell and dispose of the property of the firm under a written agreement between them authorizing the mode of so doing, and to procure the substitution therefor of a mode provided by an alleged subsequent paroi agreement. Upon the trial it was determined that the alleged oral agreement had never been made, and that the plaintiffs were not entitled to the relief demanded. It was further thereby provided that the order appointing the receiver should be vacated, and that “ all the compensation and expenses of said receiver be paid out of the plaintiffs’ share of the moneys and property received by the said receiver,” and that any of the parties might apply for an accounting by the receiver, and the distribution of the moneys and property in his hands. Upon appeal to the general term, this judgment was, in all respects, affirmed, and that affirmance has not been appealed from, and now stands as the paramount law of the case. The special term by its order passing the receiver’s accounts, gave a construction to the terms of this judgment, by which it held that the words “ all the compensation and expenses of said receiver be paid out of the plaintiffs’ share of the moneys and property received by the said receiver,” should apply only to his commissions and two other insignificant items. This order, in substance, determined that none of the expenses of the receiver should be exclusively charged upon the plaintiffs’ share, but that they should be collected from the fund generally.
It seems to us that this was a plain and palpable violation of the true meaning and intent of the judgment, and it was beyond the power of the special term in a collateral proceeding, to readjust rights which had been definitely settled by the judgment.
Upon the appeal from this order the general term substantially held that the correct construction of the judgment imposed all of the expenses of the receiver, as stated in his account upon the plaintiffs’ share of the fund and that the special term erred in exempting such share from their payment, in whole or in part. That court have therefore given a construction to a judgment rendered by it, and which it had undoubted authority to render, which is antagonistic. to the position taken by the appellants upon this appeal. That it ascribed to the language of its judgment, its plain and natural signification cannot be disputed, and this court cannot properly say that they meant *185 anything different from what they have not only plainly said in the judgment, but have repeated by the language of the order appealed from.
The question here is not whether the judgment was one ■which it was judicious, proper or just for the court to make; but what judgment did it make. Whatever it may have been, it stands, as made, a conclusive adjudication between the parties upon their rights in the fund constituting the subject of litigation, and cannot be reviewed or impaired in a collateral proceeding. The general term have stated what they intended by the language of the judgment, and their interpretation is in strict accordance with the signification of the language used, and we suppose that contention is binding upon this court under its uniform and repeated decisions. Thus it was held in Goldberg v. Utley (60 N. Y., 427), that this court would not review a determination of the court below which was based upon a construction of its own orders, and this principle was also affirmed in Union Trust Co. v. Whiton (78 N. Y., 491); see, also, Martine v. Lowenstein (68 N. Y., 457). In fact it has been the uniform practice of this court to defer to the judgment of the court below in the construction of its own rules and decisions, and when any question arises as to their meaning, to refer to the interpretation of that court as a conclusive authority upon the question. Some of my brethren are, however, of the opinion that in the application of this rule, we should regard the interpretation given by the special term to a judgment originally rendered by it, instead of that of the general term, as authority upon the question of its construction. It seems to me that this view does not regard the fact that its judgment had been appealed from, and affirmed by the general term. It thus became the judgment of the general term and had no force as an original judgment, and it is the judgment of affirmance which is now sought to be enforced.
It by no means follows that the general term affirmed the judgment upon the theory entertained by the special terln as to its meaning and effect, and they have said by the order appealed from that such was not their view of the judgment.
In considering the meaning of expressions used in a judgment rendered in the supreme court, we are bound to . ascribe that meaning to them which is adopted by the highest branch of that court. Thus it has been uniformly held that orders resting in the discretion of the supreme court, mean a discretion exercised by that court at general term. Tilton v. Beecher, 59 N. Y., 176.
*186 The general and special terms constitute but one court, and the ultimate jurisdiction of the court is exercised by the general term alone. Salmon v. Gedney, 75 N. Y., 479; Syracuse Savings Bank v. Syracuse, etc., R. R. Co., 88 id., 110.
If in the exercise of a power concededly belonging to the supreme court we give more force to the expression of a single judge than to that of the whole court, it seems to me we violate the proprieties of the case, as well as disregard the constitutional functions of the respective branches of the court. Gracie v. Freeland, 1 N. Y., 228.
It was said by Judge Gardiner in the Grade Case: “All concede that the entire jurisdiction in law and equity, secured by the constitution to the supreme court, can he exercised at a general term by three or more judges. It follows that: an authority subordinate in some respects must be administered at a special term, or there is no difference between them. The words ‘1 general and special55 import this distinction.
I cannot think that a construction ought to be given to a subject over which the supreme court have exclusive jurisdiction, which shall adopt the views of a subordinate branch as a correct exposition of the opinion of the court when opposed to an explicit expression of such views made by the general term.
It is also urged by the appellants that the result produced by the strict language of the judgment is inequitable, inasmuch as it imposes upon the plaintiffs considerable expense, incurred by the receiver for the benefit of the parties generally, and which should, therefore, be borne by the whole fund. This consideration, if well founded, would undoubtedly have been very persuasive, if the question to be decided was whether the judgment should be allowed to stand in the form in which was originally entered or not; but that question, as we have seen, is not here, and we have no power now to consider it.
It may further be suggested that there are no facts or findings in the case upon which we have the right to review the order of the general term upon the merits. The-evidence on the subject consists almost wholly of the items of account rendered by the receiver, and is altogether too meager and indefinite in its character to enable us to determine with any degree of certainty, as a question of law, who-was justly accountable for the large expense incurred by the receiver. From the character of the items it is quite-plain to be seen that a considerable part of the sum might" fairly be chargeable to the interruption occasioned to the business of the firm by the suit. Thus the items for damages for breaches of contract, rent, insurance, expense incurred in watching and storing the property for the period *187 of nearly two years, were probably occasioned by the action of the plaintiffs,and if so,it was just that they should be charged with this expense. If this question were open for us to consider, there is an absence of evidence or of any finding of fact which would enable us to determine it intelligently; but it does appear that the litigation instituted by the plaintiffs was prolonged for a period of nearly two years, during which time the sale of the property of the firm was postponed, and it was kept by the receiver at large expense. How much of this expense was fairly chargeable to the delay caused by the plaintiffs’ unjustifiable conduct in prosecuting the litigation we are unable to say.
If there were any items of the account which were not fairly included within the spirit and meaning of the judgment, the appellants should have requested a finding of fact from the referee upon such items, and the question could then have been raised upon appeal. In the absence of such a finding it was entirely competent for the general term to reverse the order of the special term exempting the plaintiffs from payment for the items charged to them.
The order appealed from should, therefore, be affirmed.
Judgment of general term reversed; that of special term affirmed, with costs, on opinion of Williams, J., of the court below. Andrews, Earl, Finch, Peckham and Gray, JJ., concur; Ruger, Ch. J., reads for affirmance; Danforth, J., concurs.