ELLEN R. RANDALL et al., as Executors of the Will of MARY
PETTIGREW, Deceased, Respondents, *v.* THE NEW YORK
ELEVATED RAILROAD COMPANY and THE MANHATTAN RAIL-
WAY COMPANY, Appellants.

1. APPEAL — OPINION OF COURT BELOW.   Where an order and judg-
ment of affirmance below are silent as to their grounds, the opinions of
the courts below cannot be considered by the Court of Appeals for the
purpose of determining them.
2. ELEVATED RAILROAD ACTIONS — RENTAL VALUES — GOLD PRE-
MIUM.   The refusal of the trial referee, in an action by an abutting owner
to restrain the operation of an elevated railroad in front of his premises,
to make findings upon the fact of the existence of a gold premium during
certain years, as affecting the annual rental of the premises, affords no
ground for reversing a judgment in favor of the plaintiff when, although
there was evidence showing that gold commanded a premium during the
years specified, there is nothing to show the nature of the agreement
between landlord and tenant respecting the payment of rent, or as to how
the rental moneys were paid, and there are no requests or findings pre-
senting the questions.
3. EVIDENCE AS TO VALUES OF NEIGHBORING PROPERTY.   An objec-
tion, on appeal from an affirmance of a judgment in favor of the plaintiff
in an elevated railroad injunction action, that the trial referee erred in
admitting evidence of other property owners as to rents received from
their property before and after the construction of the road, is unavailing
when the record does not make it clear that the point was presented on
the trial, and it is not relied on independently of a consideration of the
opinion of the court below, and there is ample evidence in the case as to
the general course and changes of values in the neighborhood.
*Randall* v. *N. Y. El. R. R. Co.,* 76 Hun, 427, affirmed.

(Argued March 9, 1896; decided April 14, 1896.)

APPEAL from judgment of the General Term of the
Supreme Court in the first judicial department, entered upon
an order made March 16, 1894, which affirmed a judgment in
favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts, so far as material, are
stated in the opinion.

*Brainard Tolles* for appellants.   The General Term erred
in refusing to review the facts or to consider the question

whether the judgment was sustained by evidence. (*Dibble* v. *Dimick,* 143 N. Y. 549; *Renwick* v. *N. Y. E. R. R. Co.,* 36 N. Y. S. R. 682; *Porter* v. *Smith,* 107 N. Y. 531; *Perkins* v. *Hill,* 56 N. Y. 87; *Halpin* v. *Phenix Ins. Co.,* 118 N. Y. 165; *Boomer* v. *Koon,* 6 T. & C. 645; 6 Hun, 645; *Schwartz* v. *Oppold,* 56 How. Pr. 156.) The General Term erred in looking into the facts and into the opinion of the referee, for a purpose not warranted by law. (*Jamieson* v. *K. C. E. R. Co.,* 147 N. Y. 322.) The referee erred in basing his judgment upon a comparison between values of 1874 and values of 1878, and in refusing to recognize the difference in the standards of value prevailing in those two years. (*Bohm* v. *M. E. R. Co.,* 129 N. Y. 576; *Malcolm* v. *N. Y. E. R. R. Co.,* 147 N. Y. 308.)

*Edward W. S. Johnston* for respondents. This court is not at liberty to review the facts of this case. (*Upington* v. *Pooler,* 139 N. Y. 619; *Grening* v. *Malcom,* 83 Hun, 9; *Baulstein* v. *Guindon,* 83 Hun, 8; *Koehler* v. *Hughes,* 73 Hun, 167; *Guion* v. *Mundy,* 45 N. Y. S. R. 667; *Bonwell* v. *Auld,* 9 Misc. Rep. 66; *McCarthy* v. *Gallagher,* 4 Misc. Rep. 188; *Dibble* v. *Dimick,* 4 Misc. Rep. 190; 143 N. Y. 549; *Katz* v. *Koster,* 6 Misc. Rep. 327.) The judgment is supported by the preponderance of evidence. (*Adler* v. *M. E. R. Co.,* 138 N. Y. 177.) The case does not show that the referee charged the defendants with a part of the fall of prices attending the return to specie payments, or that he based his judgment upon a comparison between values of 1874 and values of 1878, and at the same time refused to recognize the difference in standards of value prevailing in those two years. (*Burnap* v. *Nat. Bank of P.,* 96 N. Y. 125; *Davis* v. *Leopold,* 87 N. Y. 620; *Crim* v. *Starkweather,* 136 N. Y. 635; *Dayton* v. *Parke,* 142 N. Y. 391.) This case is not within the rule laid down in *Jamieson* v. *K. C. E. R. Co.* (147 N. Y. 322). (*Doyle* v. *M. E. R. Co.,* 136 N. Y. 505; *Cook* v. *N. Y. E. R. R. Co.,* 144 N. Y. 117; *Bischoff* v. *N. Y. E. R. R. Co.,* 138 N. Y. 257; *S. A. R.*

*Co.* v. *M. E. R. Co.*, 138 N. Y. 548; *Drucker* v. *M. R. Co.*, 106 N. Y. 157; *Sherwood* v. *M. E. R. Co.*, 128 N. Y. 624; *Golden* v. *M. E. R. Co.*, 1 Misc. Rep. 142; *In re Thompson*, 127 N. Y. 463; *Langdon* v. *Mayor*, etc., 133 N. Y. 639; *Evans* v. *K. G. Co.*, 148 N. Y. 112.)

*Per Curiam.* This is one of the usual actions brought to restrain the operation of the elevated railway in front of the plaintiffs' premises on Third avenue, between 44th and 45th streets, in the city of New York. We deem it only necessary to express, briefly, our reasons for affirming the judgment appealed from.

Upon this appeal the defendants urge three points in the brief submitted in their behalf.

In the first place, it is argued that the General Term erred in refusing to review the facts, or to consider the question whether the judgment was sustained by the evidence. In order to show this, reference is made to the opinion. Inasmuch as the order and judgment of affirmance below are silent as to their grounds, we are not at liberty to look elsewhere to find them. That opinions form no part of a record is a proposition too recently discussed to warrant further consideration now. (*Koehler* v. *Hughes*, 148 N. Y. 507.)

In the second place, it is argued that the General Term erred "in looking into the facts and into the opinion of the referee for a purpose not warranted by law." This point, also, involves the review of the opinion delivered at the General Term, and the argument seems to rest entirely for its support upon the nature of the reasoning which induced the General Term to affirm the judgment appealed from.

In the third place, it is argued that the referee erred in basing his judgment upon a comparison between values in 1874 and values in 1878. Here, again, the argument has reference to the processes of reasoning employed by the referee in his opinion. But we are not concerned with the opinion, and an examination of his report does not reveal to us that he has committed any error, or that his findings are

without support in the evidence. In fixing the amount of compensation to be paid for the easements appropriated by the defendants, he eliminated any damage caused by noise and he allowed the net amount of consequential injury to the premises, reached by setting off the value of the special and general benefits accruing to the said property from the defendants' railroad against any injury and inconvenience resulting therefrom.

The defendants requested a number of findings, bearing upon the fact of the existence of a gold premium in the years 1874 to 1878, as affecting the annual rental of the premises in question and of other properties in that part of Third avenue and in its vicinity. These findings the referee refused to make, and we do not think his refusal constituted error for which the judgment should be reversed. It is true that there was evidence showing that gold commanded a premium during the years mentioned in the requests; but, assuming its materiality, we are not informed as to the nature of the agreement between landlord and tenant respecting the payment of rents, nor as to how the rental moneys were paid, and there are no requests or findings which present any question of the nature argued. The evidence justified, as we have said, the findings with respect to the value of the easements appropriated and the rental damages, and there are no facts testified to which would warrant an inference at variance with the conclusions reached, based upon the effect of the gradual reduction of the gold premium to par in 1878.

Another point, not argued upon the brief, but mentioned upon the argument, is that the rule stated in the case of *Jamieson* v. *Elevated Railway* (147 N. Y. 322) has been violated upon the trial, in the admission of evidence by other property owners as to the rents received for their property before and after the construction of the road. Assuming that in two or three instances the objection might have been deemed sufficient to raise the question, which was in the *Jamieson* case, it was not at all clear that the point was presented to the trial judge, and, certainly, it was not relied upon

here as a reason for reversal, independently of a consideration of the opinion of the General Term.   There was ample evidence with respect to the course of values upon the side streets and avenues in the vicinity to show that the plaintiffs' property had not fared equally.   There seems to have been no increase in rentals or in fee values in that part of Third avenue since the road was built; but the evidence showed that there was a difference in the depreciation of values in that part of the Third avenue from that which had been sustained on the side streets and avenues; the Third avenue property suffering more in that respect.

It is evident that the principal reliance of the appellants is upon what they allege to be the erroneous reasoning by the General Term and by the referee, as disclosed by their opinions.   For reasons already stated, we cannot consider them, and having examined the record and finding that the evidence supports the judgment, we think that it should be affirmed, with costs.

All concur.

Judgment affirmed.