(17 Misc. Rep. 587)

### POLLATSCHEK et al. v. GOODWIN.

(Supreme Court, Appellate Term, First Department. July 28, 1896.)

1. APPEAL—RECORD—OPINION OF COURT BELOW.
     An affirmance by the general term of the New York city court will not be reversed by the appellate term on the ground that the recitals in the opinion of the city court showed that the affirmance proceeded on a supposed want of authority to reverse on the facts, unless the opinion, by reference or otherwise, is embodied in the judgment or affirmance, or unless such supposed want of authority is recited in the judgment, as the opinion of the court below is not properly a part of the record on appeal.

2. SAME—ERROR CURED.
  Error in denying a motion to dismiss the complaint on the ground that it was not sustained by the evidence is cured by the subsequent introduction of sufficient evidence.
3. SAME—FROM GENERAL TERM OF CITY COURT—WEIGHT OF EVIDENCE.
  On appeal from the general term of the New York city court, the appellate term cannot consider the weight of evidence.
4. FACTORS AND BROKERS—EMPLOYMENT BY BOTH PARTIES.
  It is not improper for a broker employed to sell to act as agent of the purchaser also, unless his employment by the vendor gave him discretionary authority.
5. SAME—GOOD FAITH TOWARDS PRINCIPAL.
  A broker is not required, in support of his cause of action against his principal for services rendered, to establish affirmatively his good faith towards the principal.

Appeal from city court of New York, general term.

Action by Morris Pollatschek and Jacob Pollatschek against Matilda E. Goodwin to recover broker's commissions for the sale or exchange of defendant's real estate. The answer denied the employment, as well as that any sale or exchange was effected through the instrumentality of plaintiffs. From a judgment of the city court (38 N. Y. Supp. 971) affirming a judgment entered on a verdict in favor of plaintiffs, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Theodore L. Frothingham, for appellant.

John Fennel and Charles L. Hoffman, for respondents.

BISCHOFF, J. The action was to recover the agreed commissions of the plaintiffs, co-partners, as real-estate brokers, for having effected the sale or exchange of the defendant's property at her instance and request; and the answer denied the employment, as well as the performance of such services by the plaintiffs. The trial resulted in a verdict for the plaintiffs, the judgment whereon was affirmed in the court below, and the case is now before us on appeal from such judgment of affirmance.

It is contended for the defendant that the affirmance below proceeded upon a supposed want of authority in the court to reverse upon the facts, and allusion is made in that behalf to the opinion which accompanied the order and judgment of affirmance. We do not so construe the language of the court below, and it suffices to say that without the embodiment of the opinion in such order or judgment of affirmance, at least by intrinsic reference, or the recital of such supposed want of authority in such order or judgment, we are without warrant to accede to the defendant's contention. Salmon v. Gedney, 75 N. Y. 479, 481; Tolman v. Railroad Co., 92 N. Y. 353, 356. Error, to be available upon appeal, must appear from the record (Baylies, New Trials, 173, and cases collated); and the opinion of the court is not, as such, properly a part of the record (Salmon v. Gedney, supra).

When the plaintiffs ceased the introduction of evidence in support of their cause of action, the defendant moved the dismissal of the complaint, upon the ground that it was not sustained. The motion was denied, and an exception taken; but the error, assum-

ing the ruling to have been such, was curable by evidence thereafter introduced by either party. Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996. Both sides having exhausted their evidence, the defendant asked that a verdict be directed in her favor. This motion was likewise denied, and justly so, as the evidence for the plaintiffs, if credited by the jury, then presented every constituent fact of their right to recover. We are precluded by the judgment of affirmance in the court below from inquiring into the weight of the evidence, it being our province, upon appeal from the city court of New York, to scrutinize the record only to ascertain that there was sufficient evidence in support of the verdict and judgment rendered. Meyers v. Cohn, supra; Baylies, New Trials, 282.

It was conceded that the defendant did exchange her property, valued at $72,000, for the property of one Bernard Heller, which was conveyed to her; and the controversy was whether the plaintiffs had been employed by the defendant to effect the exchange, and whether the exchange had been brought about by the efforts of the plaintiffs, as the inducing and efficient cause. In support of the affirmative of the first of these questions of fact, Morris Pollatschek, one of the plaintiffs, testified that the employment was at the direct request and promise of 1 per centum commission upon the value of any property sold or exchanged for the defendant, made by the latter's son Henry L. Goodwin, with whom, it appears, as the representative of his mother, all the ensuing negotiations were had; and Henry L. Goodwin's authority to conclude the defendant by such employment and promise was inferentially apparent from the witness' further testimony that, after the exchange was made and concluded, he was referred by the defendant to Henry L. Goodwin for the payment of the commissions. It is therefore unnecessary to discuss whether or not there was evidence of the defendant's ratification of her son's acts.

That the efforts of the plaintiffs, acting through Morris Pollatschek, were the efficient and inducing cause of the exchange, was substantiated by the testimony of Morris Pollatschek, Edward W. Larner (who was claimed by the defendant to have effected the exchange), and Bernard Heller, with whom the exchange was made; the several statements of these witnesses being in accord that he (Heller) was introduced to the defendant's representative, Henry L. Goodwin, by Morris Pollatschek, as desirous of exchanging his property for property of the defendant, and that all the negotiations which resulted and culminated in the exchange were conducted by the parties thereto through Morris Pollatschek and others employed by him alone. True, it appeared that the property which the defendant's representative, Henry L. Goodwin, at first proposed to give in exchange for Heller's property, was not that actually given, but was property which the defendant held as executrix under the will of Matilda Coddington. In either case, however, the plaintiffs' employment was the defendant's individual contract. Douglass v. Leonard (Com. Pl.) 17 N. Y. Supp. 591, and 18 N. Y. Supp. 144, and cases collated. And it further appeared from Morris Pollatschek's testimony that the exchange as at first proposed

failed of accomplishment through the defendant's inability to execute it upon her part; that the negotiations continued uninterruptedly; and that the property actually given by the defendant in exchange, and upon which the plaintiffs claimed commissions, was substituted by consent of all the persons interested, as owners and otherwise. The testimony for the defense that, just before the contract of exchange was entered into, it was agreed that the plaintiffs should have no commissions upon the property given by the defendant, was negatived by the testimony of Morris Pollatschek that the conversation narrated by the defendant's witnesses did not occur. The motions to dismiss the complaint, and for the direction of a verdict for the defendant, were made upon the further ground that it appeared "that the plaintiffs were brokers for Mr. Heller, the seller of the Bleecker street property, and plaintiffs have not shown that they were employed by the defendant with a knowledge of their brokership for Mr. Heller, assented to by the defendant."

Waiving the answer that it abundantly appeared from the testimony of the plaintiffs' witnesses that the defendant's representative, Henry L. Goodwin, knew, before the contract of exchange was made, that the plaintiffs were also Heller's brokers in the matter of the exchange, and were to receive commissions from the latter, it does not follow that either of the exceptions which were taken to the denial of the several motions presents error. It is not per se unlawful for one to act as the broker for the buyer and seller without disclosing the fact. The broker may be a mere middleman. It is only when his employment is that of an agent with discretionary authority from his principal in the matter of such employment that he cannot accept employment from another whose interests conflict with those of the first principal. Knauss v. Brewing Co., 142 N. Y. 70, 36 N. E. 867; Empire State Ins. Co. v. American Cent. Ins. Co., 138 N. Y. 446, 34 N. E. 200; Haviland v. Price (Com. Pl.) 26 N. Y. Supp. 757; Bonwell v. Auld, 9 Misc. Rep. 65, 29 N. Y. Supp. 15. Assuming, however, that the ground for the several motions was predicated of the plaintiffs' alleged discretionary authority, from both or either of the parties to the exchange, the ruling was proper, because it appeared affirmatively from the evidence that the plaintiffs acted as mere middlemen, without discretion from either party to the exchange, in the making of any of the terms thereof, or to conclude either of them in any other respect; and that the terms of the exchange were fixed and arranged, without reliance upon the plaintiffs, by Bernard Heller, acting for himself, and Henry L. Goodwin, acting for his mother, the defendant.

Upon the cross-examination of Morris Pollatschek, a witness for the plaintiffs, the defendant's counsel, intending to show bad faith upon the plaintiffs' part towards the defendant in causing the rents of the property accepted by her in exchange to be misrepresented, asked the following question, "Do you remember having told Miller how he must represent, if any person came to the house, as to their being full of tenants?" which was excluded. The exception to this ruling also fails to show error. Unquestionably, the broker for-

feits his commissions if he has been guilty of bad faith towards his principal. 2 Am. & Eng. Enc. Law, 582, and cases in note 1. The plaintiffs, however, were not required, in support of their cause of action, affirmatively to establish their good faith. Lawson, Pres. Ev. 931. If the facts, therefore, which the defendant's counsel sought to elicit, were relevant to the issues made by the pleadings, they were properly matter of defense. They were not touched upon in the witness' direct examination, and it was within the discretion of the trial court to require the defendant to withhold the introduction of her evidence until the plaintiffs had exhausted theirs. Abb. Tr. Brief, 46, etc., and cases collated. Again, the evidence was subsequently introduced by the defendant, and met by the plaintiffs.

We find no exception in the record which calls for reversal, and the judgments of the general and trial terms of the court below should therefore be affirmed, with costs. All concur.