(20 Misc. Rep. 324.)

SCHMIDT v. LIVINGSTON et al.

(Supreme Court, Appellate Term.  May 28, 1897.)

1. APPEAL—FROM CITY COURT TO APPELLATE TERM—REVIEW OF FACTS.
    On appeal to the appellate term of the supreme court from an order of
    reversal by the general term of the New York city court, it will be as-
    sumed that the reversal was on the facts, where order of reversal does not
    show that it was based on any question of law.
2. SAME—DENIAL OF MOTION FOR REARGUMENT.
    The denial by the general term of the New York city court of a motion
    for a reargument is discretionary, and cannot be reviewed by the appellate
    term of the supreme court.
3. SAME—OPINION OF COURT BELOW.
    On appeal from the general term of the New York city court to the ap-
    pellate term of the supreme court, the opinion of the city court is not made
    part of the record on appeal by moving for a reargument in the city court
    based on such opinion, and appealing from the denial of such motion.

Appeal from city court of New York, general term.

Action by Bernard Schmidt against William Livingston and others.
From a reversal of an order adjudging guilty of contempt John G.
Schwartz, surety upon bail, for alleged misconduct in swearing to
his sufficiency as such surety (43 N. Y. Supp. 494), and from an
order denying a motion for a reargument of the appeal from the said
order, plaintiff appeals.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Ten Eyck & Remington, for appellant.

Albert I. Sire, for respondent John G. Schwartz.

DALY, P. J.   The deposition of the surety, Schwartz, taken upon
the examination as to his sufficiency, contained a statement that he
had no debts nor outstanding obligations, except a bond or under-
taking on which his liability was less than $500.   It appeared from
his subsequent examination as a judgment debtor, when it was
sought to enforce his liability as surety, that, when he swore to the
deposition in question, he owed his wife $5,000, and his sister-in-
law $1,000, evidenced in part by notes.   The defense of the surety
is that he had disclosed this indebtedness, when examined as to his
sufficiency, but that the examining counsel had not taken down his
statements in that regard, nor referred to them in the deposition.
This was disputed by the counsel, and an issue of fact was thus pre-
sented, which the learned justice at special term decided against
the surety, but which the general term, on appeal, resolved in his
favor.   As the order of reversal fails to show that the decision was
based upon any question of law, we are to assume that it was upon
facts, and with this determination of the city court upon the facts
we will not interfere.   Buell v. Hollins, 16 Misc. Rep. 551, 38 N. Y.
Supp. 879.

It is claimed by the appellant that it appears by the opinion of the
general term that its decision was based upon an erroneous view of
the law respecting the burden of proof upon the motion; the court
saying that the onus was upon the plaintiff to establish the falsity
of the surety's statement at the time of his examination by a pre-

ponderance of evidence, whereas it is claimed by appellant the burden of proof was upon the surety to establish by a preponderance of evidence that the deposition signed and sworn to by him did not contain the whole of his examination. As this contention is based wholly upon the opinion, which is no part of the record upon the appeal from the order of reversal, we cannot consider it; but appellant claims that he has overcome the difficulty by moving for a reargument in the city court, based upon the opinion, and by appealing to this court from the denial of his motion for such reargument, and presenting the record of which the opinion forms a part. This is unavailing. Each appeal must be considered separately upon its own record, and determined by us upon the papers which were before the court when the decision appealed from was made. The appeal from the order refusing a reargument must be dismissed, as such a purely discretionary decision cannot be reviewed by us; and the record of the principal appeal is left where it would be if none of the papers on the motion for reargument had been printed. The order reversing the special term does not refer to the opinion; so it cannot be considered on the appeal from such order.

Were the question presented to us, we should have no hesitation in agreeing with the general term that the onus was upon the plaintiff to establish the charge of false swearing on the part of the surety. His written examination upon justification and his written examination in supplementary proceedings furnish the plaintiff's evidence in support of the charge of perjury. In denying the charge, he asserts that all of his statements were not taken down at the time of the justification, and that he swore to the paper, believing that it contained all that was necessary to be stated. The burden rested upon the plaintiff, in the first place, to establish the charge of false swearing, and was not shifted by the attack upon his evidence made by the respondent in denial of the charge. A prima facie case was made out by the two depositions of the surety, but the issue remained the same, and no affirmative issue was tendered by the defendant in assailing the accuracy or completeness of the writings, and the onus of proving the charge remained throughout with the plaintiff.

The order of the special term affirmed, with costs; the appeal from the order denying the motion for reargument is dismissed, with $10 costs. All concur.