1. RES JUDICATA—RECORD—OPINION ON APPEAL.
    On a question of res judicata, the special term cannot look into an opinion of the court of appeals in the former case to determine the ground on which it affirmed the order below, where the order of affirmance does not refer to the opinion.

2. SAME—CONTRADICTION OF RECORD.
    Where an order dismissing a prior proceeding on the merits is pleaded in bar, it cannot be proved by extraneous evidence that the case was dismissed on a jurisdictional ground.

3. MANDAMUS—FRUITLESSNESS OF REMEDY—VETERANS' ACT.
    By Laws 1893, c. 227, §§ 3, 4, the power to appoint, and consequently the power to reinstate, persons employed in the capitol, is given to the superintendent of public buildings, subject to the approval of the trustees of public buildings. Held, that mandamus will not issue, under the veterans' act, commanding the trustees to reinstate applicant, where the superintendent has not acted.

4. SAME—PUBLIC BOARDS—PARTIES.
    Mandamus will not lie against a majority of the board of trustees of public buildings to compel them to reinstate a veteran, since the act is

one which must be performed, if at all, at a meeting duly convened at a time fixed by law or the rules of the board, or upon adjournment of such a meeting, or upon notice to all of the members.

Application by Michael Broderick for a peremptory writ of mandamus, directed to Frederick P. Easton, superintendent of public buildings, and Timothy L. Woodruff and James M. E. O'Grady, constituting a majority of the trustees of public buildings. Denied.

Michael D. Nolan, for petitioner.
T. E. Hancock, Atty. Gen., and G. D. B. Hasbrouck, Dep. Atty. Gen., for trustees of public buildings.
Scherer & Downs, for superintendent of public buildings.

CHESTER, J. The petitioner makes this application, under the veterans' act, for a peremptory writ of mandamus, commanding the defendants to reinstate him in an employment held by him in the capitol building prior to October 3, 1895. The petitioner states in his notice that the application is made upon certain affidavits mentioned therein, and "upon all the papers and case in the special proceeding entitled 'The People of the State of New York ex rel. Michael Broderick v. Levi P. Morton and Others, Trustees,' and upon the opinion of the court of appeals therein." That was a proceeding in which this petitioner sought the same relief against the superintendent of public buildings and the trustees of public buildings as is asked for here, except that there he also prayed that the defendants be compelled to reimburse him with a sum equivalent to what his salary would have amounted to from the date of his dismissal to the date of his reinstatement. It was commenced against the predecessors in office of the present governor, lieutenant governor, and speaker of the assembly, as trustees of public buildings, and Frederick P. Easton, then and still superintendent of public buildings. An alternative writ of mandamus was allowed. The issues raised thereunder were referred to a referee to hear and determine, and the case was tried before him on its merits. He made his report thereon that the respondents were entitled to judgment dismissing the writ. His report was confirmed by the special term, and a final order was entered thereon that judgment be entered dismissing the writ, with costs. An appeal was taken by the petitioner to the appellate division, where the order of the special term was reversed. From that order an appeal was taken to the court of appeals, where the order of the appellate division was reversed, and that of the special term affirmed. See People v. Morton, 156 N. Y. 136, 50 N. E. 791; Id., 24 App. Div. 563, 49 N. Y. Supp. 760. The present proceeding is one commenced by the same petitioner against the same superintendent of public buildings, and against the present lieutenant governor and speaker of the assembly, constituting a majority of the trustees of public buildings. The present governor is not made a party to this proceeding, it is said, because of the opinion of the court of appeals in the former case, that the courts of the state have no power to issue a mandamus to the governor to compel his performance of a duty imposed upon him by virtue of his office, even though the duty is a ministerial one, and imposed upon the governor

as an ex officio member of a board of public officers. It is urged here by the petitioner that such opinion of the court of appeals shows clearly that the mandamus sought by him was denied because of the want of power or jurisdiction in the court to grant the same, and that the decision in the former proceeding is therefore not a bar to the new proceeding; and he seeks to justify proceeding against the trustees of public buildings, other than the governor, under a remark contained in the prevailing opinion of the court of appeals, at page 146, 156 N. Y., and page 794, 50 N. E., where it is said:

"While we are of the opinion that a mandamus will not issue to the governor to compel performance of an act by him, we see no reason for its not running, during the recess of the legislature, to the lieutenant governor and speaker of the assembly."

There is nothing in the order of the special term, nor in the order of the court of appeals, which shows upon what grounds either court based its decision, and the petitioner is confronted by numerous cases holding that the opinion of the court is no part of the record, and that the court cannot look to that to ascertain the grounds of the decision. Hewlett v. Wood, 67 N. Y. 394, 399; Snebley v. Conner, 78 N. Y. 218; Clarke v. Lourie, 82 N. Y. 580; Koehler v. Hughes, 148 N. Y. 507, 42 N. E. 1051; Randall v. Railroad Co., 149 N. Y. 211, 43 N. E. 540. It is also well settled that a judgment rendered on the merits is coextensive with the issues upon which it is founded, and is conclusive between the parties thereto and their privies, not only as to the matters actually proved, argued, and submitted for decision, but also as to every other matter directly at issue which the defeated party might have litigated. Lorillard v. Clyde, 122 N. Y. 41, 47, 25 N. E. 292, and cases cited; Griffin v. Railroad Co., 102 N. Y. 449, 452, 7 N. E. 735; Pray v. Hegeman, 98 N. Y. 351, 358. While in some cases evidence is admissible to show what was litigated upon the trial, such evidence must be consistent with the record, and cannot be admitted to contradict it. Lorillard v. Clyde, 122 N. Y. 41, 48, 25 N. E. 292. So I think it is clear, under these authorities, that I cannot look at the opinion of the court of appeals to ascertain the grounds upon which the decision was based, no reference thereto having been made in its order, which was simply one of affirmance of the order of the special term, and presumably was upon all the issues which might have been litigated in the proceeding.

The further reason is assigned in support of this proceeding that it is not against the same parties as the former one, and therefore the final order in the former proceeding should not be held to be a bar to this proceeding. It is true that the governor is not a party here, and that there has been a change in the office of lieutenant governor and speaker of the assembly; but there has been no change in the office of superintendent of buildings, and this proceeding is against Mr. Easton as such superintendent, the same as was the former proceeding, so that, so far as he is concerned, the former judgment stands as a bar to the proceeding against him. So far as the trustees of public buildings are concerned, it is the same public office or board that is proceeded against, although there has been a change in the officers.

The proceeding is not against the individual, but the official. The petitioner seeks to enforce the performance of a duty imposed by law upon a public board. His former proceeding was against all the officials composing that board, and was for the same relief he seeks here, except that there he also asked damages against the individuals for an alleged breach of official duty. That element is omitted here, so that this proceeding is solely to enforce an alleged official duty. It seems to me that, the former proceeding having been brought by the petitioner to procure a reinstatement in his former employment by the predecessors in office of the present trustees of public buildings, the judgment there denying him that relief may properly be invoked as a bar to prevent this proceeding against a majority of their successors in office, as such trustees, to procure the same relief. It may be that the present trustees do not stand in the relation of privies to their predecessors in office in the ordinary, legal meaning of that term, but, as the former have succeeded to the duties of the latter, it seems to me their relations to each other are such that the rule relating to parties and their privies is applicable; yet, if I am wrong as to this, there are other reasons which impel me to deny this application.

Under the public buildings law the trustees of public buildings have no power to appoint the persons employed in the capitol. That power, under the law, is given to the superintendent of public buildings, subject to the approval of the trustees. Laws 1893, c. 227, §§ 3, 4. If, therefore, the former judgment is a bar to this proceeding as against the superintendent, who has the power to appoint, and consequently the power to reinstate, and the exercise of that power by him cannot be compelled here, it would, it seems to me, be an idle ceremony to issue a writ against a majority of the trustees, when under the law the initiative as to appointment or reinstatement must be taken by the superintendent. Until he has acted, there is no duty resting upon the trustees to approve. The court can only require them to perform a duty imposed upon them by law, and under the facts appearing here there is no duty resting upon them in the first instance.

Nor do I see how a writ can properly issue, in a case like this, against the officials constituting a majority of this board of trustees. The act or duty sought to be enforced is one, if performed at all, which must be performed by the board at a meeting thereof, duly convened for the transaction of public business at a time fixed by law or by their rules or by-laws, or upon due adjournment of such meeting, or upon reasonable notice to all the members. Neither the individual members nor a majority of the board can act or be compelled to act except in that manner. Statutory Construction Law, § 19 (Laws 1892, c. 677); People v. Nostrand, 46 N. Y. 375, 383. Judge O'Brien, in his dissenting opinion (page 149, 156 N. Y., and page 795, 50 N. E.), said that the effect of the decision of the court of appeals in the case of People v. Morton, supra, was to practically abrogate the statute which excepts veterans in the civil service from removal without cause. However much this result is to be regretted, I think this is clearly its effect so far as the statute applies to public boards of which the governor is a member, and that the writ cannot run against the other

members constituting a majority of the board of trustees, for they alone do not constitute the board. 'For these reasons the application must be denied, with costs.

Application denied, with costs.