### PRICE v. WESTERN DISTILLERY CO., Inc.

#### (Supreme Court, Appellate Term. February 5, 1909.)

1. COSTS (§ 254*)—APPEAL —STENOGRAPHER'S MINUTES.
    The amount paid for a copy of the stenographer's minutes, obtained for the purpose of properly preparing amendments to the case on appeal, is a taxable disbursement.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 974; Dec. Dig. § 254.*]

2. APPEAL AND ERROR (§ 533*)—RECORD—OPINION OF TRIAL COURT.
    Under the rule that appellate courts can only consider those papers which the order itself by its recitals shows were before the lower court, the opinion of the lower court was no part of the record on appeal from an order striking out an item from the bill of costs.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2339; Dec. Dig. § 533.*]

Appeal from City Court of New York, Special Term.

Action by Anderson Price, as trustee of the Johnson Coffee Company, a bankrupt, against the Western Distillery Company, Incorporated. From an order, made at a Special Term of the City Court of the City of New York, striking out of the bill of costs the amount taxed for a copy of the stenographer's minutes, plaintiff appeals. Reversed, and case remitted.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Charles L. Craig, for appellant.
Herbert J. Hindes, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

GIEGERICH, J. According to the recitals in the order appealed from, the only papers which were before the court below on the disposal of this motion were the affidavits of Herbert J. Hindes, the defendant's attorney, and Charles L. Craig, the plaintiff's attorney, and the bill of costs. In these papers the assertion of Mr. Craig that the minutes loaned him by Mr. Hindes were so marked and mutilated that it was unsafe for him to use them in the preparation of his amendments to the proposed case was not disputed. From all that is contained in this record there was nothing before the Special Term which justified it in striking out this item, and it is the settled rule of this department that the amount paid for a copy of the stenographer's minutes, obtained for the purpose of properly preparing amendments to the case on appeal, is a taxable disbursement. Ridabock v. Met. El. R. Co., 8 App. Div. 309, 40 N. Y. Supp. 938; Bremer v. Manhattan R. Co., 51 Misc. Rep. 96, 99 N. Y. Supp. 746, affirmed without opinion 115 App. Div. 900, 101 N. Y. Supp. 1114; Pratt v. Clark, 124 App. Div. 248, 108 N. Y. Supp. 734.

It appears from the opinion that the court at Special Term considered that the original minutes loaned the appellant were in such condition that they could have been used safely by him in preparation of his amendments. But that opinion is no part of the record on appeal. Koehler v. Hughes, 148 N. Y. 507, 42 N. E. 1051; Randall v. N. Y. El. R. Co., 149 N. Y. 211, 43 N. E. 540; Pollatschek v. Goodwin, 17 Misc. Rep. 587, 40 N. Y. Supp. 682; Schmidt v. Livingston, 20 Misc. Rep. 324, 45 N. Y. Supp. 915; Matter of Broderick, 25 Misc. Rep. 534, 56 N. Y. Supp. 99. Appellate courts can only consider those papers which the order itself by its recitals shows were before the lower court. Pollatschek v. Goodwin, supra; England v. Gebhardt, 112 U. S. 502, 505, 5 Sup. Ct. 287, 28 L. Ed. 811. If the original minutes were a part of the basis of this order, they should have been recited therein and brought before this court.

The order should therefore be reversed, with $10 costs and disbursements, and the case remitted to the Special Term of the court below. All concur.