PARKE, DAVIS & CO. v. ROUDEN.

(Supreme Court, Appellate Term.  June 25, 1909.)

1. APPEAL AND ERROR (§ 671*)—RECORD.
Only those papers can be considered, on appeal from an order, which the order itself, by its recitals, shows were before the lower court.
[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 671.*]

2. AFFIDAVITS (§ 15*)—AFFIDAVITS TAKEN IN OTHER STATE—AUTHENTICATION.
The affidavit used as a foundation for a motion for a bill of particulars could not legally be read in evidence, having been taken in another state, and the authority of the officer before whom it was taken not having been authenticated, as required by Code Civ. Proc. § 844; so that the order for the bill of particulars was based on insufficient papers.
[Ed. Note.—For other cases, see Affidavits, Cent. Dig. §§ 61–64; Dec. Dig. § 15.*]

3. PLEADING (§ 313*)—BILL OF PARTICULARS.
It is not within the scope of a bill of particulars to furnish names of witnesses or other matters of evidence.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. § 313.*]

Appeal from City Court of New York, Special Term.

Action by Parke, Davis & Co. against Adolph Rouden.  From an order requiring a further bill of particulars, defendant appeals.  Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Abraham Oberstein, for appellant.
Wilbur, Norman & Kahn, for respondents.

GILDERSLEEVE, P. J.  The defendant herein appeals from an order of the City Court requiring him to make a "further" bill of particulars in this action or to be precluded from giving evidence as to the items of his counterclaim.  The order appealed from fails to recite that the pleadings were before the court when it determined the plaintiffs' motion which culminated in the order appealed from.  Appellate courts can only consider those papers which the order itself by its recitals shows were before the lower court.  Price v. Western Distillery Co. (Sup.) 114 N. Y. Supp. 714, and cases there cited.

A motion for a bill of particulars is always based upon the pleadings, and by them alone, unless they are fully set out in the moving papers, which is not done in this case, can the court determine as to the necessity for the bill.  The affidavit used as a foundation for the motion was defective, and could not legally be read in evidence, as the affiant thereto was a resident of another state, and the authority of the officers before whom it purports to have been sworn to was not properly authenticated by a legal certificate, as required by section 844 of the Code of Civil Procedure.  It follows, therefore, that the order appealed from was based upon insufficient papers, and should not have been granted.

An examination of the bill of particulars furnished by the defendant in response to the original order shows that it was a complete compliance therewith, and to fulfill the requirements of the last order would necessitate the furnishing by defendant of the names of his witnesses and other matters of evidence, which is not within the scope of a bill of particulars.

Order reversed, with $10 costs and disbursements. All concur.